OPINION of the Court, by
Ch. J. Bibb.
— In covenant for the delivery of a negro girl thirteen years *450 cf age< 0f good size, &c. on or before the tenth of fail-uarY ensuing the date of the covenant, the plaintiff assigned the general breach, in the words of the covenant* by a failure of the covenantors or either of them to deliver S'rh although often requested, “ but particularly on the 14th day of January ensuing the date of the covenant, at the usual place of residence of the defendants, in the county and circuit,”
In covenant, propertyTe<>n °a ly certain, no special request " ”“«sary-
refufai in cone-n'ed "ot an uncmprisf11
Where the tine and place are fixed ánd the covenantor can discharge the covenant without any concurrent act on the part of the obligee, the plea fhould be tender, &c. and not “ ready to pay/»
The defendant who had been served with process and had appeared, moved for leave to set aside a judgment which had been taken in the office against him for default, and to file a plea ; which sets forth that at the execution of the covenant declared on, “ it was expressly agreed’'’ between the plaintiff and the defendant, that the plaintiff would deliver to the defendant at his residence, on a day certain preceding the said 10th of January, the sum of 29 dollars in pork, or pay it in cash, being the balance and residue unpaid of 200 dollars, the consideration stipulated for the negro girl in the covenant mentioned ; he then avers the plaintiff did not pay the said 29 dollars in pork or in cash, on or before the said 15th of October, according to the true intent and meaning of the agreement; that the plaintiff therefore ought not to have his said action, “ when by the failure of him the said plaintiff in the performance of the said condition precedent on his part stipulated, he the said defendant, was entirely absolved from the performance of his part of the said contract by the delivery of the negro girl in the declaration mentioned,' all which he-is ready to verify,” &c. The court refused to receive the plea,, and the defendant took his first bill of exceptions.
The defendant then pleaded that he was ready, on the said 10th of January, at his place of residence, to pay the said negro girl, but that neither the said plaintiff nor any one on his behalf on that day or any prior dajr subsequent to the date of said covenant, came to receive her ; to this the plaintiff replied that the defendant was not ready on said day to pay the negro girl; but that the plaintiff did on the said day, and prior thereto and subsequent to the date of the covenant, attend at the place of residence of the defendant to receive the said negro, and that on the 14th day of said January, he did demand the said negro, ¡kc.; and of this he an- *451 pealed to the country, and the defendant likewise. To this replication thus tendering an issue, the defendant demurred* and the plaintiff joined in demurrer ; the court overruled the demurrer.
The jury were sworn to try the issue joined, and the defendant on the trial “ moved the court to instruct the jury, that the evidence did not support the issue, inasmuch as it was not proved” that a demand was made of the defendant on the 10th of January ; although it was proved that a demand was made of the defendant at his residence on the 13th, 14th or 15th, of the same month ; nor did it appear that the defendant was ready on the 10th of January ; or that he had any previous notice of the demand. The court overruled the motion, to which the defendant took his second bill of excep-. tions, stating the proof and absence of proof as above stated, and setting forth the covenant as it had been before set forth verbatim in the declaration.
The jury found for the plaintiff and assessed Ae damages, and judgment was accordingly rendered ; from which the defendant appealed ; and now it is assigned for error:
1st. That there is no sufficient breach of covenant assigned in the declaration, because no demand is laid on the 10th of January, nor any reason assigned why the demand was not made.
2d. That the court erred in refusing to receive the plea stated in the first bill of exceptions.
3d. That it was erroneous to overrule the demurrer to the plaintiff’s replication.
Lastly, “ That the court erred in refusing to instruct the jury, that the demand proved,” was insufficient to authorise a recovery in said action.
Upon the first question, this court have settled the principle that in covenants or agreements for the payment of property, where there is a day appointed, no demand need be specially charged in the declaration, but the general breach is a sufficient assignments — See Grant vs. Groshan, (Hard. 85) — Hays's administrators vs. Hays, at this term — Adams vs. Macey, (ante 328)— Robaras vs. M'Bride, (spring term 1808) — Keeton vs. Scamland, and Herndon vs. Madison, (fall term 1807.)
Upon the second point we have only to remark that \ve are sorry that any gentleman of the profession *452 should have lost a respect for himself so far as to ex-cePl to the opinion of the court below for rejecting such ^tuf, or that a practitioner in this court should have assigned it for error.
Upon the third point, the judgment was properly given in favor of the plaintiff in the action, for two reasons, 1st. because the replication met every point of the plea 2dly. because the plea itself was insufficient; and all the pleadings being brought before the court by general demurrer, (a) the court might have given judgment according to the right of the case upon the pleadings.
Upon the last point, the opinion of the court below was proper. The issue, if any, was upon the readiness of the defendant, now appellant, to deliver the property according to covenant on the 10th of January ; the defendant offered no evidence of his readiness and the demand was not at all essential to the support of the ap-pellee’s action; he had assigned a sufficient breach in his declaration ; the defendant did not assert that he had discharged the covenant, but that he was ready on the day. The demand and refusal could only have a bearing oil the issue so far as it might have a tendency to shew that the defendant was not ready as he had pleaded ; farther than that, the demand was of no consequence. It is to be sure a matter of some speculation, how the appellant could have been ready on the 10th, and yet not ready on the 15th, to deliver the negro girl. In actions of covenant, where the delivery of property had been covenanted, it is admitted that a plea of tender and refusal need not be pleaded with an “ uncore prist f because the action is for damages, not the thing contracted for, as in debt and assumpsit, where the thing agreed for is to be recovered in numero ; but the party may plead tender and refusal in covenant. And so in the present case tender at the time and place, but that no person came to receive, fkc. would seem to have been the proper plea, and not that the defendant was ready ; how ready ? what had he ready ? to be sure that he had the negro, and was prepared to deliver her over to the plaintiff or his agent, is what might be supposed the appellant meant when he pleaded he was ready ‘‘ to pay to him the said plaintiff, a negro girl of the description in the declaration mentioned.” But when he explains his plea to the jury, it is that he was ready on the day to *453 prove the absence of a demand'upon him ! ! but not to. pay the negro. How is the readiness of a party to be tried ? By proving that he had the property at the time and place. This amounts to a tender, and should in all such cases be so pleaded, where time and place are certain and the covenantor can discharge himself without any concurrent act on the part of the covenantee. It the covenantor so tenders, the property becomes of the goods or chattels or the estate of the covenantee, for which he could maintain his action of trover and conversion, or detinue, in case the issue should be found in favor of the covenantor upon the plea of tender. But what would be the situation of a plaintiff after an issue found against him upon the plea of ready on the day, supported by the want of a demand on that day ? His covenant would be discharged by the judgment, and he would have no property which he could claim as his own, or prove his right to in a court of justice. Such a consequence from the plea of “ ready” and the attempt to support it by the want of demand, shews the absurdity of admitting any but the plea of tender ; which is capable of trial and of proof, if true. We have thought proper to say this much on the point, not so much on account of this particular case, (for the court below seem to have understood and decided correctly the subjects brought before them,) but to correct, as far as we can, the erroneous opinions of some lawyers with which the courts below have been much troubled, as appears from many cases which have been before this court-Judgment affirmed.

 Jones vs Grugett, ante 447, note(2).