Cook, J.,
delivered the opinion of the Court.
Purdy brought an action of covenant against Rector, Jones and others, in the Circuit Court. The declaration states, that the defendants, by their deed, covenanted to make, execute and deliver to him, a good and sufficient warranty deed, for certain lots of ground therein described, upon his paying the purchase money, for which he had given his promissory notes, payable at certain periods. The plaintiff avers the payment of the purchase money, according to tenor and effect of his said notes ; and assigns the breach, that the defendants did not make, execute and deliver a deed to him according to the intent and meaning of their said covenant, although he was then and there ready and willing to receive and accept the same. To this declaration, the plaintiffs in error demurred, generally, and now contend, in support of their demurrer, first, that the plaintiff, in the Circuit Court, should aver, in his declaration, that he prepared and tendered to the vendors a conveyance, ready for them to execute, at his own expense; and, secondly, that the declaration should state, that he *132 had demanded a conveyance of them. In support of the first objection to the declaration, the plaintiffs in error cited Sugden’s Law of Vendors, 181 and 2, where, it is said, this point was so decided in a late case in the Court of Exchequer, and that the decision was in conformity to the practice of the profession.
Without investigating the propriety of this decision, under the circumstances which seem to have influenced the Court in making it, we deem it sufficient, that no such established practice of the profession, in conveyancing, prevails in this country. The covenant of the plaintiffs in error is express, on their part, that they will make, execute and deliver a deed, &c.; and common understanding would, perhaps, require something more than the practice of the profession, to warrant such construction of this stipulation, as the plaintiffs in error contend for.
The better rule seems to be, that he, who, in general terms, covenants to do a particular thing, shall be held to perform his covenant without the aid of the covenantee, unless such aid be indispensable to the performance; and this appears to have been the law upon the point now under consideration, before the late decision in the Exchequer. Upon the second point, we also think that the demurrer was properly overruled. The covenant was, to make the conveyance so soon as the last instalment of the purchase money was paid, and that payment was limited to a particular day-
When a covenant is to be performed on a particular day, or on the happening of a particular event, it is sufficient to aver, that it was not performed on that day, or on notice that such event had happened, and a special demand need not be averred. In this case, the duty to execute the conveyencebecame absolute, when the payment of the purchase money was completed by the defendant in error; and that payment is alledged to have been made when it became due.
The judgment of the Circuit Court must be affirmed, with costs.