CLEAVELAND
vs
MOORE.

---

COVENANT.

Case 83.

June 8.

Case stated.

## Cleaveland *vs* Moore.

### ERROR TO THE MADISON CIRCUIT.

*Covenants, mutual, dependent and independent. Pleading.*

JUDGE GRAHAM delivered the opinion of the Court.

BY a contract, dated 7th May, 1834, the plaintiff, residing in Woodford county, "agreed to take of the defendant seven tomb stones, six feet long, and one stone three and a half or four feet long, at the defendant's house in Madison county, all finished in good style, and lettered with the common inscription, on or before the first of September," (next ensuing the date of the covenant,) and for which the plaintiff bound himself "to pay the defendant at his house, four hundred pounds of good gun powder, and one hundred pounds which he then owed him."

This action of covenant was instituted by the plaintiff, to recover of the defendant damages alleged to have been sustained by him by reason of a breach of the covenant on the part of the defendant, in failing to deliver the stones.

After setting out the covenant substantially in his declaration, he "avers that he did, a reasonable time for the inscriptions to be made, prior to the first of September, 1834, deliver to the defendant the inscriptions to be inscribed on said tomb stones." That the defendant did not make and deliver to the plaintiff at the defendant's dwelling, "on or before the first of September, 1834, *or have made ready for delivery,* on or before said day, said stones;" and that he paid the defendant "one hundred and twenty dollars, in lieu, and in place of the powder stipulated in said covenant to be paid, and which the defendant accepted, in satisfaction of the

claim for powder." Several pleas were filed by the defendant, to which the plaintiff demurred, and his demurrer having been sustained, the defendant, by leave of the Court, filed two pleas, numbered 6 and 7, upon each of which an issue was taken by the plaintiff. The trial having been had on the two last mentioned pleas, it is unnecessary to notice the others. A judgment having been rendered for the defendant, on the verdict of the jury, the plaintiff has brought the case to this Court.

By plea No. 6, the defendant denies the payment of $120 in lieu and place of the powder stipulated to be paid—and in No. 7, asserts, "that he did make and have ready to deliver to said plaintiff, at defendant's dwelling house in Madison county, before the first day of September, 1834, and had them ready on the whole of that day to deliver to said plaintiff, seven tomb stones, &c.," all finished in good style, and would then and there, and was ready and willing to have delivered the same to said plaintiff, but the plaintiff did not then and there or before, furnish the defendant with the common inscription, or letters to be inscribed on said tomb stones; nor did he then and there, or before, pay to the defendant $120, in lieu of the powder stipulated in said covenant to be paid; nor did the defendant at any time accept said sum in satisfaction of his claim to said powder."

Cleaveland did not furnish the inscriptions for the tomb stones at any time. The defendant had the stones made and finished, except the inscriptions, and ready for delivery at his house, prior to and on the first of Sept. 1834, as is proven in the cause.

The plaintiff now insists that the covenant is an independent, and not a dependent covenant—that it was not necessary, in order to give him a right of action, that he should have averred performance on his part— that the pleas of the defendant are insufficient, and the issues formed on them immaterial.

As the tomb stones could not be finished without the inscriptions, it was the plaintiff's duty to have furnished them, for Moore to place them on the stones in time

CLEAVELAND
*vs*
MOORE.

Where there are mutual covenants to be performed, and per-

CLEAVELAND
vs
MOORE.

formance by one or part performance is necessary to enable the other to perform, no action can be maintained without an averment of performance, an offer to perform, or some valid excuse for non-performance.

to comply with his contract. It was not necessary that Moore should have demanded them. They were only in the plaintiff's power, and he had undertaken to deliver them to Moore. As no time is fixed in the covenant for the delivery of the powder, for the stones, and as the plaintiff undertook to deliver it at Moore's house, the obligation of each party was reciprocal. The powder should have been paid simultaneously with the delivery of the tomb stones. The rules of pleading required the plaintiff to aver either a performance, or at least a readiness to perform the acts required of him. In his declaration he did make these averments, but failed on the trial to prove their truth.

It has been urged by the plaintiff's counsel, that a plea which only avers a readiness to perform a contract, is insufficient; and that the defendant, in addition to readiness at the time and place stipulated in the covenant, should also have plead formally a tender, &c., because by tendering or setting apart the property, it becomes the goods of the plaintiff, for which he could maintain an action of trover or detinue, in case the issue be found for the defendant.

Where property is payable at a particular place and on a particular day, no demand is necessary. (1 Bibb, 452-3.) But in such case, it is not necessary that the defendant plead that he tendered at the day and place— It is sufficient to aver readiness to deliver at the day and place, and that the plaintiff did not attend to receive. (1 Bibb, 453; 3 Salk., 342.) And when an act is to be done by the plaintiff which is necessary to enable defendant to perform, it is sufficient for defendant to show

It is true, that where a covenantor promises to deliver property on a particular day, at a specified place, it is not necessary that the covenantee make a demand, nor is it often sufficient for the defendant to plead that he was ready. In most of such cases he should aver that he tendered it: (1 Bibb, 452-3.) It has, however, been adjudged that if a party to whom a tender was intended to have been made at a certain time and place, did not come to the place, it is sufficient for the party who intended to make a tender, to allege that he was at the place ready with the property, with a design to make tender, and that the other party did not come: (3 Salk., 342; 1 Bibb, 453; B. A. 461.) And where the act to be done by a party is of such a character that he cannot completely perform the covenant without the concurrent agency of the other, then it is not necessary that he should technically plead a tender, but it is sufficient for him to show by his plea, that he had done all he could towards performing his covenant, and had left

nothing unperformed, except so much as required the concurrent act of the other: *Bodine* vs *Wade*, (1 *Bibb*, 460.) The plea in this case, shows that the defendant had done his duty, and all that could be done without the inscriptions, and the proof sustains his plea. We regard the pleas as constituting material and sufficient responses to the plaintiff's declaration, and that there was no error in the proceedings of the Court below.

The judgment of the Circuit Court is therefore af-ffirmed.

*Turner* for plaintiff; *Caperton* for defendant.

<div style="margin-left:auto">BONDURANT, &c.<br>vs<br>JEFFRIES, &c.<br>that he had done all he could do until plaintiff had performed such act on his part.</div>