[No. 1254. Decided June 13, 1894.]

LARS E. HAMAR, *Respondent*, v. OLIFF PETERSON, *Appellant.*

EQUITABLE ACTIONS — RIGHT TO JURY TRIAL — WEIGHT OF EVIDENCE — FINDINGS OF COURT.

An action for an accounting between partners being an equitable one, neither party to the action has a right to have the questions in relation thereto determined by a jury.

Where the evidence in an equitable action is conflicting and stands substantially balanced, the findings of the trial court should be adopted on appeal, although not entirely satisfactory to the supreme court, unless the preponderance of evidence against such findings clearly shows that they are the result of error.

(STILES and ANDERS, JJ., dissent, on the ground that the court made no finding of the material facts involved.)

*Appeal from Superior Court, Pierce County.*

*Wickersham & Reid,* for appellant.

*Hans Spilde,* for respondent.

The opinion of the court was delivered by

HOYT, J.— Some questions are raised as to the nature of the proceeding instituted in the lower court and as to the form of the relief granted by the judgment therein. It is also claimed on the part of the appellant that the finding of the court that a partnership had ever existed between the respondent and the appellant was unwarranted by the evidence.

It seems to us that this latter question is the only material one, for the reason that if the finding of the court upon the question of partnership was correct the other rulings do not adversely affect any substantial right of the appellant. If the partnership existed it was in a court of equity that an accounting of its transactions should be had.

Hence the court and not the jury would necessarily have to pass upon the questions in relation thereto. So that appellant could not claim the right to have them determined by a jury, and the other rights which he claims are not substantial ones, and the form of the decree, though perhaps unusual, is not of such a nature that it deprived appellant of any substantial right.

The only question, therefore, which we are called upon to decide is as to the claim that the evidence did not warrant the finding of the lower court that a partnership existed between the parties as alleged in respondent's complaint. The evidence upon this subject is unsatisfactory and conflicting. The respondent testifies in the most positive terms to the fact of the partnership, and the appellant in equally positive terms testifies to the contrary. Some circumstances in the case tend to confirm the testimony of the respondent, and others of about equal weight that of the appellant. So that the proofs stand substantially balanced, as far as they can be gathered from the record. This being so, it would follow that if we were to determine the facts entirely uninfluenced by the findings of the lower court, the plaintiff must fail, for the reason that the burden of proof was upon him. It therefore becomes necessary that we should determine the force to be given in this court to the findings of fact by the lower court in an equitable proceeding.

Under the old method of trial of cases in courts of chancery there was little reason why the appellate court should give any weight to the findings of the lower court, because the proofs were all reduced to writing and the lower court decided the case upon such written proofs without the aid furnished by the appearance of the witnesses before it, in the same manner as did the appellate court. But even under that system of practice it was held by most courts that they would not set aside a finding of the trial court

unless they were satisfied it was wrong.   Even in suits in admiralty, where the appellate court not only tried the case anew upon the proofs offered in the lower court, but might, if it saw fit, allow additional proofs to be introduced upon the hearing, it was held that the findings of the lower court would not be disturbed without it appeared satisfactorily to the appellate court that they were wrong.

If this was the rule under the former practice, how much more should it be under the one now existing.   In the trial of cases under our statutes there is practically no difference in their conduct in the trial court whether they are of legal or equitable cognizance, excepting that in one a right of trial by jury obtains while in the other it does not.   The findings of the trial court in an action at law have the force here of the verdict of a jury, and it is hard to find an adequate reason for holding that such is the effect of such findings and at the same time hold that the findings of the same court upon the testimony of witnesses introduced before it in the same manner should have no force, when the fact to be determined is the basis of equitable instead of legal relief.   Especially would it seem to be absurd to so hold under the provisions of the present statute governing the manner of the removal of causes to this court.   Thereunder it is made the duty of the lower court, in equitable as well as in legal proceedings, to find the facts upon which it founds its judgment, and such findings may be excepted to alike in both classes of cases.

From which it must follow that if there ever was any reason why the findings of the court in one class of cases should have almost conclusive weight and in the other no weight at all, such reason no longer exists.   In our opinion the finding of the trial court in an equitable action should be adopted by this court in determining the rights of the parties, unless the preponderance of evidence against such finding is so great that we are satisfied it was wrong.

Apply this rule to the question under consideration and the result will be that we cannot disturb the findings of the court as to the question of partnership. From which it will follow that the judgment must be affirmed.

DUNBAR, C. J., and SCOTT, J., concur.

STILES, J. (*dissenting*). — I dissent from the conclusions arrived at by the majority, in the first place, because the court made no finding of the material facts involved in the controversy. No separate findings whatever were filed, but the decree recites the following facts as found to be true:

"That plaintiff and defendant entered into an agreement to run the saloon business in the basement of defendant's building [description], by the terms of which agreement the plaintiff was to contribute his time and services to the said business and the defendant the basement room of his said building, and that if the business paid sufficient profit therefor, the defendant was to be paid $50 per month as rent for the said basement, and the plaintiff a reasonable compensation for his services as manager of the business. That the advancement of money made by defendant in the procurement of license and stock with which to start the business was advanced to the business, and by the terms of the agreement, for the same the plaintiff was to credit the defendant with the same on the notes held by plaintiff against defendant and wife for such amount thereof as the business failed to realize."

These were the only findings of fact, and it seems to me plainly fall far short of a finding that the parties entered into a partnership agreement. If the business realized profit enough, defendant was to have $50 a month rent for his basement and the plaintiff a reasonable compensation for his services as manager. Nothing whatever was said about any further profits or any losses. There was no conclusion of law that the parties were partners, or that there were either profits or losses of the business, or any

partnership property in existence on which the court could be called to administer.

Such being the state of the record, there is nothing by which this court should consider itself bound either one way or the other. The only evidence of the partnership was the statement of the respondent, not definitely that an agreement of partnership was made, but of certain facts, most of which were drawn out of him by the baldest kind of leading questions, and which it was maintained went to show the existence of such a relation. Certain witnesses testified that the appellant had some talk with them regarding the fitness of an applicant for the position of barkeeper in the saloon. In my judgment the appellant's testimony completely outweighed everything that was offered to sustain the allegation of a partnership.

ANDERS, J., concurs.