[No. 2456.  Decided February 25, 1897.]

Peter J. Knapp *et al.*, *Appellants*, v. W. P. Crawford *et al.*, *Respondents*.

LEASE — CONDITION SUBSEQUENT — APPEAL — WEIGHT OF EVIDENCE.

An instrument granting a right of way for a log and lumber tramway on condition that such privilege and right should extend no longer than the use of the premises for such purposes constitutes a leasehold interest upon condition subsequent.

Where the evidence is conflicting, the appellate court will not set aside the findings of the lower court, unless the weight of evidence is clearly to the contrary.

Appeal from Superior Court, Cowlitz County.—Hon. A. L. Miller, Judge.    Affirmed.

*T. P. Fisk* (*Bronaugh, McArthur, Fenton & Bronaugh*, of counsel), for appellants.

*J. N. Pearcy* (*Paxton, Beach & Simon*, of counsel), for respondents.

The opinion of the court was delivered by

Scott, C. J.—Two points are presented by this appeal.    The first arises upon the construction of two written instruments, similar in form, conveying rights in certain real estate.    The appellants contend that said instruments granted a fee simple title to the lands described and that the provisions contained in said

instruments regarding their termination upon certain contingencies specified were mere personal covenants upon the part of appellant Knapp, while the respondents contend that said instruments created only an easement in said lands for the purposes specified, subject to be defeated by default of the performance of the conditions. The material clauses contained in said instruments are as follows:

"That the said party of the first part has let, and by these presents does grant, demise and let unto the said party of the second part, his executors, administrators and assigns, the perpetual use of a strip of land for the use of a log and lumber tramway as follows: . . . Said party of the second part agrees, in consideration of the above grant of right-of-way, to build a log and lumber tramway on and over said land, and for the convenience of getting logs out of said stream, and handling the same. . . . It is further understood and agreed to by the parties of the first and second parts that these rights and privileges shall extend as long as said premises shall be used for the purposes herein agreed, and no longer."

It seems to us that the proposition that these instruments under said provisions were leases with conditions subsequent, upon the performance of which the maintenance of the leasehold interests depended, is obvious, and that no extended discussion is required. *Reichenbach v. Washington Short Line Ry. Co.*, 10 Wash. 358 (38 Pac. 1126). In fact, no great reliance was placed by appellants upon this claim on their part, their main contention being that, conceding said instruments were leases and that the covenants upon their part were conditions subsequent, on which the leasehold interest depended, the evidence showed that the respondents had waived the performance of such conditions.

It is conceded that the tramway in question was never used for the purpose of hauling logs, but it is contended that the appellants erected a shingle mill upon certain lands also leased of the respondents, and that the tramway was used in the operation of said shingle mill, and that by permitting the erection of such mill without objection the respondents waived the performance of the conditions as stipulated in the leases.

An examination of the record shows that the evidence upon this point was squarely in conflict, and however we might have found from the proofs as an original proposition, we are of the opinion that the case presented by appellants is not strong enough to warrant us in setting aside the findings of the lower court thereon, and the judgment is affirmed.

GORDON, ANDERS, DUNBAR and REAVIS, JJ., concur.