[No. 2540.   Decided September 30, 1897.]

ANN AUGUSTA SKEEL, *Respondent*, v. NELS CHRISTENSON *et al.*, *Defendants*, JOSEPH SHARFENBURG, *Appellant*.

MORTGAGES — PRIORITY OF LIEN — WAIVER.

The rule of law giving a purchase money mortgage priority over another mortgage given by the purchaser at the same time, may be waived by agreement of the vendor, according to the other mortgage the superiority of lien.

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge. Affirmed.

*Sinclair & Smith*, for appellant.
*E. C. Million*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Respondent and appellant each held a mortgage, respondent's mortgage covering the same premises as that of appellant, and also including additional real property. The mortgage in suit by respondent was given to secure a loan of $5,100 made to defendant Christenson, to make a cash payment on land purchased by Christenson from appellant Sharfenburg. Appellant sold the land to Christenson for the sum of $6,600, receiving $5,100 in cash and the mortgage of $1,500 for the balance, which mortgage is here in controversy.

The only question involved in the case is the priority between these two mortgages. Appellant maintains that his mortgage of $1,500 was to secure the balance of the purchase price on the land covered by respondent's mortgage for respondent's loan, and that under well established principles of law the purchase money mortgage is superior. As a general legal principle this contention by appellant is correct; but it is maintained by respondent that at the time the two mortgages were executed there was a special agreement between the parties that respondent's mortgage should be superior; if such an agreement were made, it controls. The superior court found that such agreement was a fact. We have carefully examined the whole testimony and concur in the finding of the superior court. There is a direct conflict in the testimony of some of the witnesses interested; appellant and his son-in-law each testifying that the agreement made was that appellant's mort-

gage should be first. The agent of the mortgagee who took the mortgage now held by respondent testified that he made the loan to Christenson to make the cash payment on this land in the presence of appellant, and that he, the agent, drafted both mortgages, and also the deed conveying the land from appellant to Christenson on the same day, and that it was agreed that respondent's mortgage should be superior; that himself, representing the mortgage of respondent, and appellant went together to the auditor's office, and each had the instruments recorded by the auditor. This is denied by appellant, but the records of the county auditor show that appellant did go to the office at that time and his signature is shown to the release of two mortgages which appellant held and which were outstanding as liens upon the land conveyed by appellant, so as to clear the title. Appellant's memory at any rate is clearly shown to be at fault in this particular. The indorsements, on the two mortgages in suit, by the county auditor, show that respondent's was filed fifteen minutes before appellant's. There was other testimony tending to corroborate the agent who testified for respondent.

If we deemed the testimony upon review as evenly balanced, or even apparently more in favor of appellant than respondent, we should sustain the finding of the court that saw and heard the witnesses. Such agreement having been made at the time of the execution of the deed and two mortgages between the parties, is conclusive of the case, and the judgment of the superior court is affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.