[No. 2665.   Decided January 3, 1898.]

HENRY C. ORDWAY, *Respondent*, v. PATRICK DOWNEY *et ux.*, *Appellants*, CHRIST R. FRASCH *et ux.*, *Respondents*.

ASSUMPTION OF MORTGAGE DEBT — VERBAL AGREEMENT FOR — BURDEN OF PROOF — REVIEW ON APPEAL.

A verbal contract by the grantee of mortgaged premises to assume the mortgage thereon is enforcible as a contract independent of the deed of conveyance and additional to it, which is not merged in the executed deed, and therefore does not fall within the rule forbidding the introduction of parol testimony to vary, alter or add to a written contract.

The burden of proof is on the party asserting a parol contract for the assumption of a mortgage to establish the contract by clear and conclusive proof.

A judgment in favor of plaintiff should be reversed on appeal, where the burden is on him to establish an oral agreement by a clear preponderance of the evidence, and the evidence relating thereto is evenly balanced.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge.   Reversed.

*James B. Murphy*, and *Blaine & De Vries*, for appellants.

*George Fowler*, for respondent Ordway.

The opinion of the court was delivered by

GORDON, J.—In the year 1890 Gotthard Grot and wife, owners of certain real property situated in King county, in order to secure their promissory note for the sum of $2,275 executed a mortgage upon said premises in favor of Thomas S. Krutz, who thereafter, for value, assigned said mortgage and the note secured thereby to the respondent Ordway.   Subsequent to the execution of the mortgage

Grot and wife sold the premises to respondent Christ R.
Frasch by a deed of conveyance, which contained the fol-
lowing clause, following the description of the premises
conveyed, viz.:

" To have and to hold unto the said Christ R. Frasch and
to his heirs and assigns forever, as his sole and separate
property and estate, the same being conveyed as a gift to
said Frasch by his mother, said Helen Grot. *Said Frasch
does*, nevertheless, *hereby assume and agree to pay off and
discharge any and all incumbrances that are now liens up-
on the aforesaid real estate.*"

Frasch and wife thereafter, and prior to the commence-
ment of this action, conveyed the premises by a deed of
general warranty to the appellant Patrick Downey. The
deed from Frasch and wife to the appellant recites the con-
sideration of five thousand dollars gold coin of the United
States, and further recites that the conveyance is made
" subject to that certain mortgage of $2,275.00 executed
by Helen Grot and her husband to Thomas S. Krutz, Sep-
tember 1, 1890, and payable September 1, 1895, interest
payable thereon on the first days of March and September."
The debt secured by the mortgage having matured and
remaining unpaid, respondent Ordway commenced this ac-
tion to foreclose the mortgage, and made the appellants
Patrick and Victoria M. Downey defendants therein, under
an allegation of the complaint to the effect that appellants
had assumed and agreed to pay said mortgage, and in the
complaint a personal judgment was asked against said ap-
pellants for the amount due upon the note.

There is no assumption clause contained in the deed,
but upon the trial of this action, over the objection of the
appellants, plaintiff was permitted to introduce parol tes-
timony for the purpose of showing that, as a part of the
consideration for the deed of conveyance referred to, the
appellants agreed with their grantors to pay the mortgage

debt. The court rendered judgment against the appellants for the full amount of the mortgage debt and entered a decree of foreclosure, and for any deficiency. The appeal is from such judgment and decree.

The assignments relied upon for a reversal are, first, that the court erred in permitting oral testimony tending to establish a contract to assume the mortgage debt, and second, that the evidence was insufficient to justify the finding of the court that the appellants assumed or agreed to pay the mortgage. It is the contention of the appellants that the testimony which was admitted over their objection tended to change, add to, and enlarge the effect of the written contract or conveyance, and that it is not permissible to establish a contract of assumption by parol.

In *Don Yook v. Washington Mill Co.*, 16 Wash. 459 (47 Pac. 964), we held that a promise by the purchaser of certain sawlogs, as part consideration therefor, to assume and pay the indebtedness of the seller to a third party, might be shown by parol evidence, notwithstanding the bill of sale of the logs, while expressing a good consideration, made no mention of the purchaser's promise to pay the indebtedness to such third party.

After a careful examination of the authorities, we think that while an agreement to assume the mortgage is usually established by a stipulation to that effect contained in the deed, the great weight of authority is that a verbal contract of assumption is enforcible, that it is not merged in the deed, and is not contradictory but independent of it. It is merely an additional agreemnt, and not at variance with the terms of the deed.

In 2 Devlin on Deeds, § 1073, the author says:

"It is not necessary that the promise of the grantee to assume the payment of an incumbrance as a part of the consideration for which the deed is made, should be in writing.

A verbal promise to do so is valid, and equity will enforce it either at the instance of the grantor or the holder of the mortgage."

And the proposition thus laid down is fully sustained by the authorities. *Strohauer v. Voltz,* 42 Mich. 444 (4 N. W. 161); 2 Warvelle, Vendors, p. 663; Wiltsie, Mortgage Foreclosure, § 224; *Merriman v. Moore,* 90 Pa. St. 78; *McDill v. Gunn,* 43 Ind. 315; *Lamb v. Tucker,* 42 Iowa, 118; *Taintor v. Hemmingway,* 18 Hun, 458, affirmed in 83 N. Y. 610; *Moore v. Booker,* 4 N. D. 543 (62 N. W. 607); *Wilson v. King,* 23 N. J. Eq. 150; 1 Jones, Mtgs. (5th ed.), § 750; *Drury v. Tremont Imp. Co.,* 13 Allen, 168; *Society of Friends v. Haines,* 47 Ohio St. 423 (25 N. E. 119). See, also, note to *Klapworth v. Dressler,* 78 Am. Dec. on p. 84, and additional authorities there cited.

The consideration recited in the deed is " for the purpose merely of giving it effect as a conveyance, and that for any other purpose parol evidence may be given to show that the real consideration was greater or less than the sum named." Per COOLEY, J., in *Strohauer v. Voltz, supra.* And that great judge adds that the cases holding this view " are not   .   .   .   out of harmony with the general rule which excludes parol evidence to control writings."

*Gordon v. Parke & Lacy Machinery Co.,* 10 Wash. 18 (38 Pac. 755), is not at all applicable to the question we are now considering, either upon the facts or the principle involved.

But while the agreement of assumption may rest in parol the promise to pay must be established by evidence that is clear and conclusive, and it cannot be established by inference. In the present case the only evidence introduced was the deeds and mortgage already referred to, and the testimony of respondent Christ R. Frasch and appel-

lant Patrick Downey. On behalf of the respondents Frasch testified that as a part of the consideration for the conveyance to Downey, he (Downey) promised and agreed to pay the mortgage debt, while on the other hand Downey testified just as positively that he made no promise or agreement to do so. So far as the record discloses, these parties were entitled to equal credit, and their interest in the result was equal. There are no circumstances discernible which enable the court to say which one testified truthfully and which one falsely. But the burden was upon the plaintiff to establish the agreement by evidence that was clear, satisfactory and convincing, and this we think he has failed to do.

The judgment and decree will be reversed and the cause remanded with directions to the lower court to enter judgment dismissing the action as to appellants, with costs.

ANDERS, DUNBAR and REAVIS, JJ., concur.

### ON PETITION FOR RE-HEARING.

GORDON, J.—In his petition for rehearing, counsel for the respondent urges that, assuming the evidence on the trial to be evenly balanced, this court should not disturb the findings. Ordinarily the rule for which he contends prevails, but in this case we think the burden was on the respondents to establish the oral agreement by a clear preponderance of the evidence. *Hamar v. Peterson*, 9 Wash. 152 (32 Pac. 309), and *Skeel v. Christenson*, 17 Wash. 649 (50 Pac. 466), presented different issues, and the rule announced in those cases in nowise conflicts with the holding in the present case. Our attention is also directed to an inadvertence occurring in the opinion by which the action was directed to be dismissed as to the appellants. The intention was to reverse the judgment of the superior court only in so far as it awarded a personal judgment against

the appellants, and not to disturb the decree of foreclosure, and with this modification the petition will be denied.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.