[No. 2781.  Decided March 2, 1898.]

WASHINGTON DREDGING AND IMPROVEMENT COMPANY, *et al., Respondents,* v. WILLIAM PARTRIDGE, *Appellant.*

APPEAL — WEIGHT OF EVIDENCE.

The findings of the trial court will not be disturbed on appeal, when the evidence is conflicting, unless the weight of evidence is clearly against the findings.

Appeal from  Superior Court,  King  County.—Hon. WILLIAM H. MOORE, Judge.  Affirmed.

*W. C. Keith,* for appellant.

*Battle & Shipley,* for respondents.

The opinion of the court was delivered by

GORDON, J.—The parties to this record were rival appli-
cants to purchase lot 3, block 221, of the Seattle tide lands.
The respondents, Carraher and Polk, are owners of the
abutting upland and their application is based upon such
ownership. While the appellant Partridge bases his right
on the ground that he was the owner of valuable improve-
ments used for residence purposes, and placed thereon by
him prior to March 26, 1890. The rights of the other
parties to the record are not involved in this controversy.
The lower court found that the respondents were, prior to
March 26, 1890, and ever since have been the owners
of the abutting upland. That their application to purchase
the lot in controversy was made within sixty days following
the filing of the appraisal of said lot. That within the same
time, the appellant Partridge also made his application to
purchase as an improver, and further, that the appellant
had no improvements whatsoever on said lot in actual use
on, or prior to, March 26, 1890, except

" a small shack of the size of about 8x10 feet, which was
uncompleted and was not occupied for any purpose what-
soever, and which shack was placed thereon by   parties
whose name the evidence did not disclose.

" At different times, subsequent to March 26, 1890, but
on what particular dates the evidence fails to show, con-
testant, William Partridge, erected upon a portion of said
lot   .   .   .   a small building about 18x20 feet in size;
also a small kitchen and smokestack, and subsequent to
said date also used a portion of the said property as a gar-
den, all of said improvements costing about $200 or $250.
Said improvements were not of the nature required by law
of this state to entitle the improver to the preference right
of purchase."

These findings were duly excepted to, and this appeal
is from a decree in respondents' favor. From the brief
of appellant's counsel we quote the following:

" There is but one question to be decided in this case, and that is, whether the findings and conclusions excepted to are justified by a fair preponderance of the testimony."

In support of their respective claims each party called and examined four witnesses. The evidence was hopelessly conflicting, and there was a good deal of positive testimony on each side. Under such circumstances our rule has been not to disturb the findings of the trial court unless the weight of evidence is clearly against the findings. In *Hamar v. Peterson*, 9 Wash. 152 (37 Pac. 309), we said:

" In our opinion the finding of the trial court in an equitable action should be adopted by this court in determining the rights of the parties, unless the preponderance of evidence against such finding is so great that we are satisfied it was wrong."

In *Knapp v. Crawford*, 16 Wash. 524 (48 Pac. 261), we said:

" An examination of the record shows that the evidence upon this point was squarely in conflict, and however we might have found from the proofs as an original proposition, we are of the opinion that the case presented by appellants is not strong enough to warrant us in setting aside the findings of the lower court thereon, and the judgment is affirmed."

In the still more recent case of *Skeel v. Christenson*, 17 Wash. 649 (50 Pac. 466), we said:

" If we deemed the testimony upon review as evenly balanced, or even apparently more in favor of appellant than respondent, we should sustain the finding of the court that saw and heard the witnesses."

The decree must be affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.