[No. 3410. Decided January 26, 1900.]

JOSIE A. FORD *et al., Appellants,* v. EDWARD JONES *et ux., Respondents.*

<div style="float:right">| 22 | 111|<br>| 25 | 517|</div>

DEEDS—MENTAL CAPACITY OF GRANTOR—UNDUE INFLUENCE.

In an action by the heirs of a grantor to set aside a deed on the ground of the grantor's mental weakness and that he had been ·unduly influenced by the grantees, a finding by the court that he was of sound and disposing mind, that the deed was not procured by any undue influence and was executed upon good and valuable consideration, will not be disturbed, where it appears that the grantor was eighty-one years of age, feeble in body and somewhat forgetful of events, but that the testimony as to his mental condition was conflicting; that the grantees had often taken care of him without compensation; that he himself proposed to deed them the land upon the agreement that the grantees would take care of him during his life, the proposition coming from him the day following the receipt of a letter from relatives stating that they were unable to take care of him further; and that the grantor had other property left after making the conveyance.

FINDINGS OF COURT—CONCLUSIVENESS ON APPEAL.

The findings of a trial court, where the evidence is conflicting, will not be disturbed on appeal, unless it appears very conclusively that the judge has erred in weighing the testimony.

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM E. RICHARDSON, Judge.  Affirmed.

*Jones, Belt & Quinn,* for appellants.

*Hyde & Dawson,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—On the 19th day of March, 1898, eleven
days before his death, William B. Bowen executed a deed
for one hundred and twenty acres of land in Spokane
county to the respondents for the expressed consideration
of one dollar.  This is an action by the heirs at law of said
William B. Bowen to set aside and cancel the deed made
by Bowen to the respondents Jones on the ground that at
the time of making said deed he was mentally infirm, and
incapable of fully understanding the nature and conse-
quences of his act in making the deed, and that respond-
ents, knowing the mental weakness and infirmity of the
deceased, fraudulently and wrongfully induced and per-
suaded the deceased to make and execute said deed and
that it was without consideration.

Upon the trial the court below found that, at the time
of making and delivering said deed, William B. Bowen
was possessed of a sound and disposing mind, and that the
defendants did not procure the making and delivery of
said deed by any undue influence, and that said deed was
made and delivered upon good and valuable consideration.
From such findings of fact the court concluded that the
defendants were entitled to have judgment against appel-
lants dismissing the complaint, and for costs and disburse-
ments.

We have examined the testimony in this case in detail,
and while there is some testimony showing that Bowen,
who was a man eighty-one years of age at the time of the
execution of the deed, was feeble in body, and somewhat

forgetful of events, we do not think the testimony so con-
clusively shows a mind incapable of disposing of his own
property that the deed should be set aside. It is true that
courts will scrutinize closely transactions of this kind,
where the grantor is old and feeble, and to a certain extent
helpless, and where the consideration is the agreement to
take care of the grantor during the remainder of his nat-
ural life, but the circumstances surrounding this case are
somewhat different from the ordinary transaction. In
this case the one hundred and twenty acres of land. dis-
posed of by Bowen was not all the property which he pos-
sessed. He had a homestead which was of some value and
upon which he lived, at the time of his death, with a
renter. He also obtained pension money for services in
the civil war. The testimony in relation to the condition
of his mind was conflicting, as was also the testimony in
relation to the circumstances under which he executed the
deed; but the judge who tried the case and had the oppor-
tunity to observe the witnesses and the manner of their
testimony and to detect their interest in the case, and who
was familiar with the circumstances of the case by per-
sonal observation, evidently gave more credence to the wit-
nesses for the defense than he did to those for the plaint-
iffs, and, unless it appears very conclusively to our minds
that the judge has erred in weighing the testimony, we do
not feel justified in disturbing his findings. The ex-
pressed consideration in this deed was one dollar. The tes-
timony was that the transaction was based upon the fur-
ther agreement that the respondents would take care of the
grantor during his life. It seems from the testimony that
it had been the custom of Bowen to live with the respond-
ent Jones at different intervals for some time before his
death; that altogether he had lived with him and his
family for about a year; that they had to furnish him pro-

visions and a home and had attended to his wants, substantially without compensation. It also appears that the evening before the execution of this deed Bowen received a letter from his granddaughter, one of the appellants in this case, stating that they were unable to take care of him further; and it was but natural, after pondering the contents of that letter over night, that he should turn for assistance to those who had previously rendered him aid and were willing to do so in the future, and, according to the testimony, on that morning he proposed the execution of this deed, and the proposition was accepted by the respondents Jones.

It is true that the testimony concerning this letter is conflicting, but with this, as with the other conflicting testimony, we are inclined to submit to the judgment of the trial judge. The law in relation to transactions of this kind is so well settled that there is no necessity to discuss it here. The only question is a question of fact, viz., whether Bowen, at the time of the execution of the deed, possessed a sound and disposing mind. Considering the whole testimony, we are inclined to conclude that it was not affirmatively made to appear that he did not.

The judgment is affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.