[No. 3142.  Decided December 17, 1900.]

THOMAS  W.  STRINGHAM, *Respondent,* v. GEORGE  H.
DAVIS *et ux.; Appellants.*

CONTRACT TO CLEAR LAND—LIEN—RIGHTS OF CONTRACTOR.

One who clears land under a contract with the owner is en-
titled to a lien thereon, under the provisions of Bal. Code, § 5902,
which declares that any person who at the request of the owner
of any real property clears the same has a lien thereon for the
labor performed, and under Id., § 5911, which recognizes the
right of contractors to such liens, after satisfaction of the prior
claims of laborers, material men and sub-contractors.

SAME—CONTEMPLATION OF PARTIES TO CONTRACT.

Where one is entitled to a lien under the law, his right is not
lost by reason of the fact that he did not have it in mind at the
time he agreed to perform the labor.

DEMAND BEFORE SUIT—SUFFICIENCY.

Where, under plaintiff's contract with defendant, he was to
be paid for certain labor in specific chattels, a demand on his
part sufficient to sustain an action for the value of such labor is
established by evidence showing that by the direction of defen-
dant he went to the place where such chattels were, and told
the custodian who had them in charge that he had come for them.

EVIDENCE—ADMISSIBILITY OF PAROL.

In an action upon a written contract for labor whereby plaintiff
was to be paid "in cows at $50 per head," parol evidence is
admissible for the purpose of showing defendant's admissions
as to the kind of cows called for by the contract and also to show
the kind alleged to have been tendered.

Appeal from Superior Court, Clallam County.—Hon.
JAMES G. McCLINTON, Judge.  Affirmed.

*George C. Hatch,* for appellants.

*A. A. Richardson,* for respondent.

The opinion of the court was delivered by

ANDERS; J.—This action was brought by the respondent
to recover from the appellant George H. Davis a balance

alleged to be due respondent for services performed in clearing land, and to foreclose a lien on the land for the amount due. It is alleged in the complaint that the plaintiff (respondent) and defendant (appellant) entered into a written agreement, which was as follows:

"Memorandum of agreement made this 25th day of June, 1895, between G. H. Davis, of the first, and T. W. Stringham, of the second part, witnesseth: That the party of the second part agrees to clear, fit for the plow, on or before the first day of January, 1896, ten and one-half acres of land, to be well picked up and burned, and all cedar that the party of the first part may designate to be cut into ten-foot lengths for rails, and any cedar not so designated to be burned, and the party of the first agrees to pay, as soon as the land is so cleared, twenty ($20.00) per acre in cows at $50.00 per head, and one mare called Nellie, at sixty ($60.00) dollars.

Geo. H. Davis.   T. W. Stringham."

It is further alleged in the complaint that the land was cleared according to the agreement; that the respondent requested the appellant to perform his part of the agreement and pay respondent according to the terms thereof, but appellant refused to pay respondent according to the terms of said contract, or at all, for the work and labor performed upon said real estate, and that respondent filed a notice of lien in the office of the county auditor, a copy of which is set out in the complaint. The appellants in their answer admit the making of the contract, and the clearing of the land by the respondent in accordance with the terms thereof, but deny the alleged demand for payment, and allege affirmatively that, upon completion of the work, they delivered the mare Nellie to the respondent and then and there tendered to respondent three cows, as set forth in said contract, which the respondent refused to accept. The respondent, replying, denies the alleged tender of the cows. The cause was tried by the court

without a jury, and the court, having made and filed its findings of fact and conclusions of law, rendered judgment for the respondent.

It is claimed by the appellants that the trial court erred in admitting the respondent's lien notice in evidence, for the reasons (1) that there is no provision of law giving contractors a lien for clearing land for farming purposes; and (2) that the contract between these parties shows on its face that no lien was contemplated. Section 3, p. 33, Laws 1893 (Bal. Code, §5902), provides that:

"Any person who, at the request of the owner of any real property, his agent, contractor or sub-contractor, clears . . the same . . has a lien upon such real property for the labor performed . . for such purpose."

And section 12 of the same act (Id. §5911) provides that:

"In every case in which different liens are claimed against the same property, the court, in the judgment, must declare the rank of such lien, or class of liens, which shall be in the following order:   1. All persons performing labor.    2. All persons furnishing material.   ·3. The sub-contractor.   4. The original contractors.   And the proceeds of the sale of the property must be applied to such lien, or class of liens, in the order of its rank," etc.

From these provisions of the statute it seems quite clear that contractors are entitled to liens, under certain circumstances, upon real property, even in cases where different liens are claimed against the same property.   But in this case but one lien is claimed, and the right to it is asserted by one who, at the request of the owner of real property, cleared and improved the same, and we see no means of escaping from the conclusion that he "has a lien under the statute upon the property for the labor so performed."   But it is asserted in the brief of appellants that, before a person can have a lien upon land for work, it must

appear that it was the mutual understanding of the parties that a lien was contemplated. If it is meant by this statement to convey the idea that at the time the agreement for the work is made the parties must have "in immediate view the right of lien," we are unable to assent to the proposition. See Phillips, Mechanics' Liens (2d ed.), § 122.

If the work actually done upon the land is of such a character as to entitle the laborer to a lien under the law, his right of lien is not lost simply by reason of the fact that he did not have it in mind at the time he agreed to perform the labor. Of course, the right of lien may be waived, but we see no evidence of a waiver in this instance.

It is further claimed by appellants that the court erred in holding that under the contract respondent had made sufficient demand for the cows before bringing his action. But we are of the opinion that the evidence clearly justifies the conclusion of the court in that regard. The fact that the respondent, accompanied by one Schrum, went to the place of residence of A. U. Davis (where appellants' cows then were), by the direction of the appellant George H. Davis for the express purpose of getting the cows, is clearly established by the evidence in the record. And A. U. Davis, the father of the appellant George H. Davis, testified at the trial, in the court below, that "plaintiff said he came after the three cows." From these facts it plainly appears that a demand for the cows was duly made by the respondent. Having determined that a legal demand was made for the cows, it becomes unnecessary to discuss at length the proposition urged by the respondent, that, under the contract in question, proof of a demand was not essential to his cause of action; and we will therefore simply observe that his position is not unsupported

by authority. See *Morford v. Mastin,* 17 Am. Dec. 168 (6 T. B. Mon. 609); *Mitchell v. Gregory,* 4 Am. Dec. 655 (1 Bibb, 449); *Rector v. Purdy,* 13 Am. Dec. 494 (1 Mo. 186); 7 Wait, Actions and Defenses, p. 368.

It is contended by the appellants that the court erred in permitting the respondent to show by parol evidence the kind of cows contracted for. The record discloses that one portion of the evidence to which appellants object was introduced to show the kind of cows alleged to have been tendered to the respondent, and the other to show by the declarations made by appellant George H. Davis what kind of cows he himself deemed called for by the contract. We think the evidence was properly admitted. The trial court found as a fact, upon the issue of tender, that the appellants did not tender to the respondent any such cows as the contract required, and this finding is assigned for error. Counsel for both parties agree that ordinary merchantable cows were contemplated by the contract, and the learned trial court seems to have been of the same opinion. There is a conflict in the evidence upon that question, and this court has repeatedly held that a finding of fact will not be disturbed in such cases unless the weight of the evidence is clearly against it, which does not appear in this case. See *Hamar v. Peterson,* 9 Wash. 152 (37 Pac. 309); *Knapp v. Crawford,* 16 Wash. 524 (48 Pac. 261); *Skeel v. Christenson,* 17 Wash. 649 (50 Pac. 466); *Washington Dredging & Imp. Co. v. Partridge,* 19 Wash. 62 (52 Pac. 523).

The conclusions of law being fully supported by the findings, the judgment is affirmed.

DUNBAR, C. J., and FULLERTON and REAVIS, J J., concur.