[No. 3895.   Decided July 13, 1901.]

JOHN RIDDELL et al., *Appellants,* v. ARTHUR H. BROWN,
*Respondent.*

APPEAL — SUFFICIENCY OF EVIDENCE.

The findings of the trial court will not be disturbed, where the evidence is conflicting, unless clearly contrary to the weight of the evidence.

TIDE LANDS — OYSTER BEDS — IMPLIED LICENSE TO CULTIVATE — ABANDONMENT.

The fact that plaintiffs had planted and cultivated oysters upon public lands for a number of years under an implied license, would give them no right to restrain defendant from going into possession of such oyster bed under deed from the state, when plaintiffs' possession and occupation had been abandoned at the time of the sale by the state to defendant.

Appeal from Superior Court, Pacific County.—Hon. HENRY S. ELLIOTT, Judge. Affirmed.

*Fred L. Rice,* for appellants.

*Welsh & Thorp,* for respondent.

The opinion of the court was delivered by

Mount, J.—This action was brought by appellants against respondent for the purpose of restraining respondent from entering upon and interfering with the appellants' use of an oyster bed situated in "Willapa or Shoalwater Bay" in Pacific county, Washington. The complaint alleges substantially that plaintiffs and their predecessors have been in possession of said oyster bed by implied license from the state for a period of thirty years continuously, occupying it, planting and cultivating oysters thereon, and that they now have large amounts of oysters thereon; that on or about the 11th day of May, 1899, defendant, without right, and unlawfully, entered upon said bed, and began destroying plaintiffs' oysters, and threatens to again enter thereon unlawfully, and destroy plaintiffs' oysters, and exclude plaintiffs therefrom; that defendant is insolvent, etc.; and prays for a restraining order. Respondent, after denying all the above named allegations except that he admitted he entered upon the said lands, and intended to exclude plaintiffs therefrom, alleged affirmatively that the said lands, comprising about thirty acres, prior to January, 1899, were unoccupied oyster lands belonging to the state of Washington, and on said last named date the defendant, being qualified therefor under the law, purchased the same from said state for the purpose of cultivating oysters, and received a deed therefor; that he immediately took possession thereof. Other defenses, which are not necessary to be mentioned here, were also pleaded. A trial was had on the issues joined, and findings and a decree were rendered by the court in favor of defendant. Plaintiffs appeal.

Several interesting questions are argued in the briefs, which are not necessary to be noticed here. Plaintiffs do not claim to own the said lands, and there seems to be no

dispute of the fact that the state, prior to January 11, 1899, was the owner in fee thereof, and on that date made a deed thereof to defendant. Plaintiffs contend, however, that, having been permitted by the state to plant and cultivate oysters thereon for a long period of time, defendant, even though the owner, could not take possession from plaintiffs until their growing oysters had been removed, and that no opportunity had been given therefor. It was alleged in the complaint that plaintiffs had been for a long period of time in possession of said land, cultivating oysters thereon, and that there were at said time large quantities of oysters thereon belonging to plaintiffs. These allegations were denied. They were material allegations on the part of the plaintiffs, and necessary to be proved. To prove them, plaintiffs called a number of witnesses, who testified substantially to those facts. On the other hand, defendant called a number of witnesses, who testified, in substance, that the lands in question had no oysters of any consequence thereon; that the lines were unmarked, and had been so for some time previous, and that the said lands were in an abandoned condition. Upon this evidence the court found as follows:

"That at the time defendant Brown made said application to purchase said tide or oyster land and at the time he purchased the same from the state of Washington and received his deed therefor, there were no oysters whatever on said land or any part thereof excepting a few scattering oysters which could not well be gathered and in such insufficient quantities as would not pay to gather, as all of the oysters which had been planted prior to the said time it was sold to the defendant Brown by the state of Washington, had been gathered and taken therefrom, and said oyster land was, at the time that the defendant purchased and received his deed therefor, in an abandoned condition, and was an abandoned oyster bed, and all of the oysters which could well be gathered therefrom had

been taken away. That plaintiffs were not in possession of said oyster land or any part thereof, and did not have title to the same or any part thereof, at·the time that the state of Washington sold the same to said defendant, and plaintiffs were not at said time entitled to the possession of the same or of any part thereof. And that at the time that the said state of Washington executed and delivered to the defendant said deed to said oyster land, the plaintiffs did not own ·or have any oysters thereon, and there were no oysters whatever on said land, and that there were no oysters on said land which had been planted thereon prior to March 26, 1890."

Where the evidence is conflicting,—as it is in this case, —it has been the rule of this court not to disturb the findings of the lower court, unless the weight of the evidence is clearly against such findings. The weight of the evidence here is certainly not against the findings. *Washington Dredging & Imp. Co. v. Partridge,* 19 Wash. 62 (52 Pac. 523) ; *Ford v. Jones,* 22 Wash. 111 (60 Pac. 48).

Where a plaintiff relies upon an implied license to plant and cultivate oyster lands to the exclusion of the owner, he must show his continued occupation of such lands. He cannot be permitted to abandon the premises, and afterwards exclude the owner, simply because at one time he may have had a right thereto. If plaintiffs ever had any right to these lands, their failure to establish possession and occupation at the time defendant took possession defeated their right to restrain defendant's possession. Where their abandonment is shown, certainly they could not prevail. For this reason the judgment must be affirmed.

REAVIS, C. J., and DUNBAR, FULLERTON, ANDERS, HADLEY and WHITE, JJ., concur.