[Nos. 12109, 12110.    Department One.    December 11, 1914.]

DEXTER HORTON NATIONAL BANK *et al.*, *Respondents*, v.
SEATTLE HOMESEEKERS COMPANY, *Appellant.*[1]

PRINCIPAL AND AGENT—RELATION—EVIDENCE—SUFFICIENCY—LIA-
BILITY OF PRINCIPAL.  Where, in closing a deal for land, involving a
large purchase money mortgage, the vendee brought in one K. re-
questing that the deed was to be made to K. simply to have K.
make the mortgage in order that as to third persons the vendee's
credit might not be disturbed, K. must be taken as the agent of the
vendee, as between him and the vendor, where the credit was not
given to the agent, but to his principal, who at the time and for
a year subsequent thereto, did not inform the vendor that, by the
shift of names, he was seeking to avoid personal liability, but per-
mitted the vendor to believe that he was buying the property for
himself and that the liability was his own.

Appeal from a judgment of the superior court for King
county, Smith, J., entered January 3, 1914, upon a trial on
the merits to the court, in actions to foreclose mortgages.
Affirmed.

*L. E. Kirkpatrick*, for appellant.

*Peters & Powell* and *Myers & Johnstone*, for respondents.

MORRIS, J.—These actions were brought below to foreclose
two real estate mortgages given by one Kline to the assignee
of respondent.    The only question involved is the personal
liability of appellant for the debts upon which the foreclosures
are based.    The lands were formerly owned by C. C. Chit-
tenden and the Chittenden Land Company, with whom H. L.
Hillman, representing the appellant and owning all its stock
save one share, entered into negotiations for the purchase.
The price of the land was $76,000, $2,000 of which was paid
in cash, and the balance was represented by notes and mort-
gages.    When the papers were drawn, at the request of ap-
pellant, Kline, who is a near relative of H. L. Hillman, was

¹Reported in 144 Pac. 691.

named as the grantee in the deeds, and as such executed the notes and mortgages. It is over this feature of the transaction that the controversy arises.

Appellant contends that it refused to assume any personal liability further than the cash payment and the indorsement of H. L. Hillman upon a note for $4,000; while respondent contends that Kline was, in all things, acting for appellant and that his name was used in the transaction for the convenience of the appellant. We think it is clear that, up to the time of the execution of the papers or a few days previous thereto, there was no intimation but that the appellant would appear as the grantee and would, in turn, execute the notes and mortgages representing the deferred payments. That it did not do so was at the personal request of Hillman, who wished to avoid the publicity of incurring such a large indebtedness and its possible effect upon his credit. In assenting to this arrangement, we cannot find that Chittenden and Hillman regarded it as other than the carrying out of the terms of the purchase, or that the advent of Kline into the transaction in any manner changed the liability of the appellant, it being admitted that, for the purpose of this transaction, Hillman and the appellant were one. Chittenden says that Hillman told him at the time that appellant was behind Kline; it was still its deal, and Kline was only its figurehead; and that it was only upon this understanding that he consented to the arrangement; while Hillman says his purpose in introducing Kline into the transaction was to avoid any personal liability on the part of appellant, but that he concealed this fact from Chittenden, knowing that Chittenden looked to the appellant, for fear that Chittenden would not consent to such an arrangement. So far as anything said to Chittenden is concerned, Hillman's intention is represented by his letter of May 30, in which he says, ". . . and for reasons that I will explain to you later, I want you to make the deed to Arthur Webb Kline instead of the Seattle

Homeseekers Company; he is a relative of mine, and I prefer for the present to have it in his name." This letter must be read in connection with another of May 27, in which Hillman says: "I will buy your 152 acres of land at $76,000 in its present state and will pay you [setting out the terms of the purchase], you to deed me the land and I to give back a mortgage;" and in the letter of May 30 he again refers to himself as the purchaser, after requesting that the deed be made to Kline, by saying, "I am buying your land and paying you $76,000." This was his attitude for a year subsequent to this transaction, for in a letter he then wrote to Chittenden relative to some phase of the transaction, he refers to the mortgage as "my mortgage," and mentions his understanding of certain rights he had obtained. We can reach no other conclusion than that, as found by the lower court, at all times appellant was understood to be the real party in interest, that it was acting through Kline for its own convenience, and that its liability in the matter was to be determined by Kline's liability. His contract was its contract. That such a contract can be enforced against the appellant, even though resting in parol, is sustained by the authorities. *Ordway v. Downey*, 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892. Neither is it necessary that there should be any formal promise, if the intention to assume liability appears from the whole transaction or is shown by the circumstances under which the purchase was made. *Hopkins v. Warner*, 109 Cal. 133, 41 Pac. 868.

Appellant argues that the case falls within the rule that, when a creditor sees fit to accept the obligation of an agent, he cannot thereafter pursue the principal. This rule rests upon the assumption that the credit is given to the agent. Here the credit was not given to the agent, but the principal uses the name of the agent to represent its own contract and assume its own liability, admitting that it at no time informed the creditor that it was seeking by the shift of names to avoid liability, but permitting him to retain the belief that

the liability was its own.  If we accept the appellant's theory that the name of Kline was used deliberately by the parties for the purpose of avoiding personal liability by the appellant, its plea here must be sustained.  But we cannot so read the record; or to any other effect than that it was understood that Kline was brought into the transaction simply to enable appellant to conceal the fact that it was binding itself to the payment of such a large sum, in order, that as to third persons, its credit might not be disturbed; but that, as between the parties, the arrangement was to continue as made, holding appellant as the real grantee and the real promisor.

The judgments are affirmed.

CROW, C. J., CHADWICK, PARKER, and GOSE, JJ., concur.