[No. 2874. Decided March 18, 1898.]

THE STATE OF WASHINGTON, *on the Relation of J. E. Sligh*, v. SUPERIOR COURT OF MASON COUNTY, HON. CHARLES W. HODGDON, *Judge*.

WRIT OF PROHIBITION — TO SUPERIOR COURT — WHEN LIES.

A writ of prohibition will not lie to restrain the superior court from canceling and vacating a notice of *lis pendens*, which had been filed by an appellant after taking an appeal from the judgment of said court, since the action of the court in such matter is reviewable upon appeal.

*Original Application for Prohibition.*

*J. E. Sligh*, for relator.

*Bates & Murray*, and *John A. Parker*, for respondent.

*Per Curiam.*—This is an application for a writ to prohibit the lower court from setting aside a *lis pendens* based upon the following facts: The appellant brought an action to subject certain property belonging to the Shelton and Southwestern Railway Company, then in the hands of a receiver, to the payment of a judgment obtained by him against the company prior to the appointment of the receiver, and said action was dismissed, whereupon he took an appeal to this court, and after taking said appeal filed a notice of *lis pendens* with the county auditor. An application was made to the court in said cause to cancel and

vacate said *lis pendens*, which it appears the court will grant unless restrained by this court, and will further proceed to sell the property in the hands of the receiver. Without passing upon the effect of the *lis pendens* in any way or the effect of an order vacating it, we do not think the facts shown are sufficient to warrant the issuance of the writ. No supersedeas bond was given upon the appeal. It is contended by the petitioner that such a bond would not have protected him in this matter, or at all, except to prevent a mere collection of the costs of suit, but, however this may be, § 6500, Bal. Code (Laws 1893, p. 119, § 1), provides that an appeal from a final judgment may bring up for review any order made in the action either before or after the judgment, etc., and the action of the court in the matter of the *lis pendens* can be reviewed on said appeal. If the same could not be presented in said appeal, a separate appeal could be taken from an order setting aside the *lis pendens*, and in either event a supersedeas bond could be given in the usual manner by applying to the court to fix the amount, and the rights of the petitioner protected. We are not satisfied that the court had no jurisdiction to entertain the subsequent proceeding, under the facts shown here.

Writ denied.