# UNION NATIONAL BANK ET AL.

## V.

# THE INTERNATIONAL BANK ET AL.

*Evidence—Parol, Inadmissible to Alter or Vary Terms of Condition in a Mortgage—Admissibility of Former Decree—Privity—Corporations— Defense of Usury—Sec. 11, Ch. 74, R. S.*

1. Parol evidence is inadmissible to alter or vary the terms of the condition in a mortgage by enlarging it from specified kinds of indebtedness to others not embraced but excluded by the language of the condition.

2. Sec. 11, Ch. 74, R. S., which prohibits corporations from interposing the defense of usury, is held to apply to a case wherein the defendant corporation was not a party to the usurious transaction alleged.

3. One not a party to a judgment or a decree may sometimes be bound thereby by reason of privity of law, of blood, or of estate.

4. In the absence of fraud or collusion, it *seems* that those claiming under a second trust deed are bound by the decree in a foreclosure proceeding, adjusting and establishing the amount of the grantor's indebtedness secured by the first trust deed, although they were not parties to such proceeding.

[Opinion filed July 13, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. W. T. BURGESS, MELVILLE W. FULLER and HERRICK & MARTIN, for appellants.

Messrs. ROSENTHAL & PENCE, for appellees.

McALLISTER, P. J.   This case was heard at the March term, 1881, of this court, on error, and a decree of foreclosure in favor of Bauer and others, was reversed and the cause remanded.   It is reported as Jenkins v. Bauer et al., 8 Ill. App. 634, where may be found a full statement of the issues and facts then involved.   Since the case was reinstated in the court below, some new parties, with further and voluminous pleadings, have been added, introducing new matters and giving rise to other and different questions.   Upon the second hearing before the chancellor a decree passed, finding the amounts due from Walker to the several parties interested, to the exclusion of all usurious payments, as before, and directing a foreclosure.   From that decree this present appeal is prosecuted, the appellants assigning numerous errors.   But upon due consideration, we think the only errors assigned, worthy of much attention, are those which arise upon the admission and exclusion of evidence at the hearing, and the effect given to a former decree.

It is not practicable, nor do we deem it our duty to enter upon a general restatement of the many and voluminous pleadings in this case; we shall, therefore, confine ourselves to mere brief outlines of those parts of the case upon which we think the controlling questions arise.

The case was a foreclosure proceeding.   The appellees claimed under and sought the foreclosure of a trust deed in the nature of a mortgage made by S. J. Walker and wife, January 2, 1873, to Rosenthal as trustee, covering a parcel of land described therein, lying between the west branch of the south branch of the Chicago River and the Illinois and Michigan Canal, to secure to the several appellees an indebtedness

of said Walker which, at the time of the hearing, was found to be $208,775.04. The deed was duly recorded January 18, 1873. The contestants, as to the amount legally due under said trust deed, were the Union National Bank and the heirs at law of W. F. Coolbaugh, deceased. Their relation to the case arose out of a second deed of trust. October 9, 1873, said Walker and wife executed to said Coolbaugh in his lifetime and as trustee, a deed of trust covering the same premises. The condition expressed in the deed was in these words: "This conveyance is made to secure any and all indebtedness of Samuel J. Walker as maker or indorser of any and all notes, drafts or acceptances held by the Union National Bank, or negotiated through said W. F. Coolbaugh, or any or all renewals of the same, or any or all paper that said Walker may hereafter sell to said bank, or negotiate through said Coolbaugh."

The deed contained the usual covenants of title and against incumbrances, but no reference to said former deed of trust to Rosenthal. Coolbaugh was originally a party to the suit, but having died intestate, his death was suggested July 9, 1881, and his heirs at law made parties. Walker had set up usury and the payment of large sums of usurious interest, averring the amount to have been sufficient to extinguish a large part, if not the whole of his indebtedness to the several appellees, and asked for an accounting. The Union National Bank and the heirs of Coolbaugh, respectively, set up the same defense by proper pleadings.

The evidence showed that, at the time of Coolbaugh's death, Walker owed him about $22,000 ; also, that he was indebted to the Union National Bank in a large sum, exceeding $200,000.

By way of estoppel upon said Walker, the Union National Bank and the heirs of said Coolbaugh, from again drawing in question and litigating the matter of usury as aforesaid, the appellees, by cross-bill in the nature of a plea, set up the proceedings and decree in another suit in chancery brought by one George Wilshire, March 11, 1874, in the court below, against said Walker, the International Bank and others,

not including, however, the said Union National Bank, Cool-baugh, or his heirs, as parties, wherein the same identical matters were put in issue and passed upon by the court by decree rendered February 28, 1878, and finding the amount of Walker's indebtedness to said International Bank, and subject to the securities including the said trust deed to Rosenthal to be $172,474.

For further particulars in regard to said decree we refer to the statement of facts in the case of Jenkins v. International Bank, 111 Ill. 463.

Upon the hearing in this present case the court, against the objections of appellants' counsel, allowed appellees' counsel to introduce the record and decree in the Wilshire case in evidence and excluded all evidence offered on behalf of appellants to sustain their defense of usury and the payments of usurious interest as aforesaid.    In our opinion the most important and difficult, if not the controlling questions in the case, arise upon that ruling.

Among the several grounds in support of it counsel for appellees urge the following: That (1) the trust deed to Cool-baugh, failing to describe any indebtedness, it was to be regarded as inoperative in this proceeding; (2) That there was nothing to show that the Coolbaugh heirs had any beneficial interest under that deed; (3) That the Union National Bank being a corporation, it was prohibited, by Sec. 11 of our statute concerning interest, from interposing the defense of usury; (4) That the decree in the Wilshire case, finding against Walker upon his defense of usury and establishing the amount of his indebtedness, was conclusive upon the Union National Bank and Coolbaugh heirs, though not parties, on the ground of privity.

In order, probably, to obviate the force of the second and third grounds last above stated, counsel for appellants offered as evidence the oral declarations and deposition of said Walker to the effect and as tending to prove that at the time of the making of the trust deed to Coolbaugh, it was verbally agreed between him and Walker, that it should be held as security for any notes or money due by Walker to Coolbaugh individ-

ually as well as to the bank. Upon objection of appellees' counsel the court excluded the evidence.

It is said in Jones on Mortgages, Vol. 1, Sec. 384, that "parol evidence is admissible to show the, true character of a mortgage and for what purpose and what consideration it was given. Although it be for a definite sum and secures the payment of the notes for definite amounts, it may be shown that the mortgage was simply one of indemnity." So it has been held that parol evidence is admissible to identify the note intended to be secured. Melvin v. Fellows, 33 N. H. 401, and authorities there cited.

But there is nothing in the rules above stated which sanctions or authorizes the admission of parol evidence to alter or vary the terms of the condition contained in a mortgage by enlarging it from specified kinds of indebtedness to that which was not embraced, but excluded by the language of the condition.

The terms of a mortgage can not be varied by any verbal agreement or understanding of the parties, or their acts, or conversations prior to or at the time of the execution of it. 1 Jones on Mortgage, Sec. 96. We are of opinion that the evidence offered was incompetent, the parties offering it not being strangers, and it would have been to alter or vary the condition by parol.

The other questions we propose to consider arise upon the exclusion by the court of the evidence offered respecting the usury and payment by Walker of usurious interest. And first, was it admissible to the Union National Bank to interpose that defense? There is no evidence as to the incorporation of that bank. Whether we should assume that it was under the laws of Congress or under some other law that it became a corporation, as its name imports, we are not advised. We may, however, assume it to be a corporation. But if untrammeled, and the question was one of first impression, we should be inclined to hold, with the New York cases, that the eleventh section of our interest statute should not be construed as applying to such a case as this, where the corporation interposing the defense was not a borrower or in any respect a party to the

usurious transactions alleged. But we are precluded from taking that view by the construction given to the clause in Hartford F. Ins. Co. v. Hadden, 28 Ill. 260. The Supreme Court alone can overrule or modify the views there taken. We are bound by them.

If the Union National Bank was precluded by that statute from interposing the defense of usury, and the heirs of Coolbaugh had no beneficial interest under the trust deed to Coolbaugh, that would seem to dispose of the error assigned upon the action of the chancellor in excluding the evidence as to usury. But we are by no means satisfied that the condition in the trust deed, as it was written, did not give to Coolbaugh, the trustee, a beneficial interest under that deed as security to him of a specified nature which might have been shown by parol evidence. An ''indebtedness from Walker to him was shown by the evidence. Therefore it will be necessary to go a step further and consider the effect of the decree in the Wilshire case upon the rights of the Coolbaugh heirs as respects their defense of usury and bearing upon the question of amount legally due from Walker to appellees.

If Coolbaugh was bound by that decree, then his heirs, by reason of their privity in blood and in estate, were likewise bound. Neither were parties to the suit. The trust deed to Coolbaugh was executed, and his rights thereunder were acquired before the Wilshire suit was brought. Freeman, in his work upon judgments, says: "It is well understood, though not usually stated in express terms, in works upon the subject, that no one is privy to a judgment whose succession to the *rights of property* thereby affected occurred previously to the institution of the suit." Freeman on Judgments, Sec. 162.

In Brush v. Fowler, 36 Ill. 53, the court, by Mr. Justice Breese, said : " We understand the doctrine to be universally recognized, that no one can be injuriously affected by a judgment or decree of any court, who was not a party to such judgment or decree." That broad statement might be well enough when applied with reference to that case. But we know that persons who are not parties are sometimes bound

by judgments and decrees by reason of their being privies in law, in blood or estate, with one who was a party. The case of Scates v. King, 110 Ill. 456, lays down the general rule that a decree or other legal proceeding is binding only on the parties thereto or their privies, and decides that in a foreclosure proceeding, where the grantee of the mortgagor was not made a party, the right of redemption of such grantee was unaffected by the decree. But the question remains whether there was not such a relation of privity between Walker, the grantor, and Coolbaugh, the grantee, in the trust deed in the nature of a mortgage, as that the latter was bound by the decree against the former in the Wilshire case, establishing the amount of Walker's indebtedness to appellees. Coolbaugh, not having assumed the former incumbrance to Rosenthal, is to be regarded as impliedly authorized by Walker's conveyance to him to set up and urge the latter's personal right to the defense of usury. Maher v. Lanfrom, 86 Ill. 513, 521. But was he thereby vested with an absolute right to have the benefit of such defense, which would amount to a right of property and which Walker was powerless by any subsequent act on his part to impair, without Coolbaugh's consent? We think not. It seems to us that it would have been entirely competent for Walker to have subsequently adjusted the amount of indebtedness to appellees without taking advantage of the usury laws and without the consent of Coolbaugh or any of his other creditors; and, if done in good faith without fraud or collusion, it would have been conclusive upon Coolbaugh and the Union National Bank.

In Candee v. Lord, 2 N. Y. 269, there is an able and interesting discussion of questions which bear closely in principle upon that we have just been considering. And the doctrine was there announced that a judgment obtained without fraud or collusion and which concludes the debtor, whether rendered upon default, confession, or after contestation, is upon all questions affecting the title to his property, conclusive evidence against his creditors to establish, 1st, the relation of creditor and debtor between the parties to the record, and 2d, the amount of the indebtedness.

We are inclined to the opinion that the decree in the Wilshire case, against Walker, adjusting and establishing the amount of his indebtedness to appellees, was conclusive upon Coolbaugh and the Union National Bank, there being no pretense of fraud or collusion as respects that decree.

The case ought to be passed upon by the Supreme Court, and according to our best judgment, the proper way to dispose of it here is to affirm the decree below, so that it can go directly to that court.

*Decree affirmed.*