### KNIGHT v. WARREN et al.

*(Supreme Court, General Term, Fifth Department.   April 11, 1890.)*

MORTGAGE—ASSIGNMENT—ACTION.

   On foreclosure, it appeared that plaintiff's testator took a note signed by defendant as principal and others as sureties, to secure which note the mortgage was executed to the sureties. The latter, in consideration of their release as sureties, assigned the mortgage to plaintiff. *Held*, that evidence that the mortgage was given to the sureties to indemnify them against damage by reason of their suretyship, and not to secure them against liability on the note, was as incompetent against plaintiff as it would have been against the mortgagees.

Appeal from special term.

Action by Olive Knight to foreclose a mortgage executed by Lucius P. Warren.   There was judgment for plaintiff, and defendant appeals.

*C. D. Van Arnaem,* for appellant.   *A. J. Knight,* for respondent.

DWIGHT, P. J.   The action was to foreclose a mortgage of real estate executed by the defendant Warren to one Adams and three others, in terms, to secure the payment of a note given by Warren to the plaintiff's testator, payable in one year, and signed by the four mortgagees, as sureties. Warren paid the interest on the note for several years, but the principal was never paid; and more than six years after it became due, the sureties, in consideration of their release from liability on the note, assigned the mortgage to the plaintiff as executrix of the payee.

The attempt was made at the trial to show, and some evidence was given under the plaintiff's objection tending to show, that the mortgage was given to and accepted by the sureties to indemnify them against loss or damage by reason of their suretyship, and not to secure them against liability on the note.   We regard all that class of evidence as incompetent against the plaintiff as it would have been against the mortgagees themselves, and that the mortgage must be held to have been given, as its terms import, as security for the payment of the note.   Being so, it was, necessarily, security against the liability of the sureties in case of default of the principal debtor, as well as indemnity to them against loss in case they were compelled to pay the note.   But, being so, it was also a fund in their hands pledged for the payment of the debt, (*Crosby* v. *Crafts,* 5 Hun, 329, affirmed 69 N. Y. 607; *Bank* v. *Bigler,* 83 N. Y. 51,) and as such was available to the creditor, who, if his legal remedy failed by reason of the insolvency of the principal debtor, which was established in this case, and the discharge, by any means, of the sureties, might compel its assignment to him, and enforce it for his own benefit.   *Bank* v. *Bigler, supra,* 61.   We find nothing in this case to defeat the application to it of the principles mentioned, which are as well sustained by authority as they are well grounded in equity.

None of the defendant's exceptions seem to be well taken.   The rulings of the court in the admission of evidence and in the findings on request of the defendant were as favorable to him as he was entitled to ask.   The judgment is right and should be affirmed.   Judgment affirmed with costs.

MACOMBER, J., concurs.   CORLETT, J., not sitting.