[No. 3186.  Decided April 9, 1901.]

P. F. NORDBY, *Appellant,* v. THOMAS WINSOR *et al.,*
*Respondents.*

STATUTE OF FRAUDS — PROMISE TO PAY DEBT OF ANOTHER — WHEN CONSTITUTES ORIGINAL PROMISE.

A promise by a debtor to pay the debt of his creditor to a third party, made in consideration of receiving credit upon his own indebtedness, is an original promise, and not within the statute of frauds.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.  Reversed.

*Ballinger, Ronald & Battle,* for appellant.

*Richard Winsor* and *George E. Morris,* for respondents.

PER CURIAM.—This cause was begun in the superior court of King county. The amended complaint alleges, in substance, as follows: That one Barlow was the owner and master of the schooner "Port Admiral"; that as such owner and master he transported lumber for the respondents upon said schooner from Seattle, Washington, to Port Wrangel, Alaska; that the freight charges for such transportation amounted to $396.90, which sum the respondents were owing to said schooner, and the said Barlow, as owner thereof; that the said schooner, and the said

Barlow, as owner thereof, were indebted to appellant,
Nordby, in the sum of $38, and were likewise indebted
to Sunde & Erland, sailmakers, in the sum of $212; that
an agreement was made between the said Barlow and re-
spondents by which respondents promised and agreed to
pay to Nordby the said sum of $38, and to Sunde & Er-
land the said sum of $212; that as a part of said agreement
respondents were to receive and did receive credit upon
the said sum of $396.90 for the amounts due Nordby and
Sunde & Erland, as aforesaid; that at the time of making
said agreement, and as evidence thereof, a contract in writ-
ing was entered into between the said Barlow and respon-
dents covering the matters hereinbefore stated, a copy of
which contract is attached to the complaint as an exhibit;
that before the institution of this action said Sunde &
Erland duly sold and assigned their said claim to appel-
lant, Nordby, for a valuable consideration, and that he
is now the owner and holder thereof. The complaint, as
drawn, states two causes of action, based, respectively,
upon the items of $38 and $212 aforesaid. A demurrer
was interposed to each of said causes of action, and was
by the court sustained. The plaintiff elected to stand upon
his amended complaint, and thereupon judgment was en-
tered dismissing this cause with costs taxed against plain-
tiff. From this judgment the plaintiff appeals.

Respondents' counsel argue that the contract set out in
the complaint falls within the statute of frauds, as being
a promise to pay the debt of another. We think not. The
averments of the complaint show that respondents agreed
with Barlow and promised him to pay the claims here
sued upon in consideration of receiving from Barlow
credit upon respondents' debt to him for the amount of
these claims, and that such credit was given. The prom-
ise of respondents to pay the debts of Barlow due to Nord-

by and Sunde & Erland was founded on consideration mov-
ing from Barlow, and while, incidentally, the fulfillment
of the promise would extinguish the debt of another, yet
it was an original promise to pay respondents' own debt,
and the beneficiary of the promise may maintain an action
thereon.   This rule has already been announced by this
court.   See *Gilmore v. Skookum Box Factory*, 20 Wash.
703 (56 Pac. 934) ; *Don Yook v. Washington Mill Co.*, 16
Wash. 459 (47 Pac. 964).

If the complaint in this case stated a contract within
the statute of frauds, then there might be some question
as to the sufficiency of the written memorandum to bind
respondents.   The contention that it is too ambiguous to
be construed as a promise to pay these debts of Barlow
would then call for consideration.   But, as we view the
complaint, it shows a contract entirely without the statute
of frauds, and which was binding upon the respondents
regardless of the writing.

We think the court erred in sustaining the demurrer.
The judgment is therefore   reversed and the cause re-
manded, with instructions to the lower court to overrule
the demurrer.