(77 App. Div. 121.)

BOWERY BANK OF NEW YORK v. HART et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. MORTGAGES—CONDITION—CONSTRUCTION.

A mortgage conditioned on the payment by the mortgagor of the sum due on a note, and "costs and expenses incurred" by the mortgagee in an action then pending on the note, did not include the charges of the mortgagee's attorneys for services in the action subsequent to the mortgage.

2. SAME—PAROL EVIDENCE.

In a suit to foreclose the mortgage, the verbal promises of the mortgagor as to what he would pay were not admissible to enlarge the obligation so as to include attorney's fees subsequent to the mortgage.

O'Brien, J., dissenting.

Appeal from special term, New York county.

Suit by the Bowery Bank of New York against Frieda Hart and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph Rosenzweig, for appellant.
James Z. Pearsall, for respondent.

INGRAHAM, J. The action was brought to foreclose a mortgage made by the defendants, the condition thereof being that if the mortgagors should well and truly pay to the mortgagee (plaintiff) "on or before the first day of February, 1901, the total amount now due and owing, with interest, by them, upon a certain promissory note bearing date May 12, 1900, made by said Max Hart to the order of said Frieda Hart, for the sum of $2,500, and payable twenty days after said date, and indorsed by said Frieda Hart, and discounted and now held and owned by said bank, together with all the costs and expenses

incurred by said party of the second part in a certain action now pending in the supreme court of this state, wherein said party of the second part is plaintiff and said Max Hart and Frieda Hart are defendants, then these presents shall become void and the estate hereby granted shall cease, determine, and be void." This mortgage was dated the 23d day of July, 1900, and was acknowledged and recorded on that day. The complaint alleges that on the 12th day of May, 1900, the defendant Max Hart made his certain promissory note, whereby, 20 days after said date, he promised to pay to the order of the defendant Frieda Hart the sum of $2,500, and before the maturity of said note the defendant Frieda Hart duly indorsed the same, and the same came into the possession of the plaintiff in the usual course of its banking business; that at the maturity of said note the same was duly presented for payment at the place where it was made payable, and payment thereof duly demanded, which was refused, and that the same was duly protested for nonpayment, of which the defendants had due notice; that the plaintiff commenced an action in the supreme court to recover the amount due upon said note, and that on or about January 17, 1901, the plaintiff duly recovered judgment against the defendants for the balance due thereon, viz., $474.49; that on or about the 23d day of July, 1900, the said defendants, for the purpose of securing the payment of said note, together with all the costs and expenses incurred by the plaintiff in said action in the supreme court, made, executed, and acknowledged, and delivered to the plaintiff, a mortgage, to foreclose which the action was brought; that the plaintiff has incurred an expense of $150 for legal services and attorney's fees in the matter of the suit hereinbefore referred to, but that the defendants have failed to comply with the terms and conditions of said mortgage by omitting to pay the said sum of $474.49, and the said sum of $150, which was payable under the terms of said mortgage on February 1, 1901, except that the defendants, on or about the 21st day of February, 1901, paid on account of said sum the sum of $474.49, being the amount of the judgment recovered against them, and that there is now justly due and owing to the plaintiff upon such mortgage from the defendants the sum of $150, with interest thereon from the 1st day of February, 1901.

The answer denies that the plaintiff incurred an expense of $150 for legal services and attorney's fees in the action against them upon the note; alleges that the judgment obtained against them was duly paid, and said judgment satisfied of record, and all sums secured by the said mortgage were fully paid, and the said mortgage has been fully satisfied by the defendants; and asks as affirmative relief that the said mortgage be satisfied of record, and that the complaint be dismissed.

Upon the trial the cashier of the plaintiff testified that the bank owed to its attorneys their bill for the cost of the collection of the note of $150; that the defendant Max Hart stated to the bank that he was going to pay the note and all the expenses that the bank was put to; that this mortgage was obtained after the note was put in the attorneys' hands for collection. One of the attorneys for the plaintiff testified that in May, 1900, he received from the bank this note for $2,500, and commenced a suit in the supreme court upon the note; that

after their action was commenced the defendant Max Hart called upon the attorneys and asked to pay the note in installments, at the rate of $200 every two weeks, and said he would give a mortgage upon his property in Eighty-Fourth street; that it was finally agreed that, if Max Hart would pay all the expenses the bank had been put to in the matter, they would accept this agreement, and take a mortgage; that Max Hart said he would pay these expenses, and asked what they would be, and was told that they would be the expense of running down the title, preparing a mortgage and recording it, putting in a short search, and also the expense that might be incurred in the suit and the attorneys' charge for services to the bank, and what the expenses would be, and he was told that it would depend entirely upon the length of time it took and the amount of trouble they were put to in the collection of the claim; that the defendant said that was satisfactory. The attorneys then put in the search and ran down the title, for which they charged Hart $55, which he paid, and made an appointment for closing it, and on June 23, 1900, the mortgage was given; that during January, 1901, Hart having paid on account of the principal of the note up to about $400, and then having failed to pay the balance, judgment was entered against him in that action for the amount due on the note and costs, which judgment then amounted to $474.49; that on February 18, 1901, Hart paid the balance of the judgment and received a satisfaction piece, and at that time demanded a return of the mortgage, which was refused; that on February 1, 1901, the attorneys charged the bank $150 for their services in the matter, and there was evidence tending to show that this sum was a fair and reasonable charge for the services rendered by the attorneys to the bank.

It seems to me that the mortgage did not by its terms include the charges of the attorneys for any services rendered after its date. The mortgage was conditioned upon the mortgagors paying the amount due upon the note, "together with all the costs and expenses incurred by the party of the second part in a certain action now pending in the supreme court of this state, wherein the said party of the second part is plaintiff, and said Max Hart and Frieda Hart are defendants." The condition of the mortgage thus being plainly expressed, the verbal promises of Max Hart as to what he intended to pay were not competent to extend the obligation of the mortgage, or import into the mortgage the obligation to pay any additional sum than that plainly expressed by the condition. Assuming that this would include a counsel fee in the suit which had been incurred at the time this mortgage was given, all that had been then done was the commencement of the action upon the note and the service of the summons and complaint upon these two defendants. There is no evidence as to the value of those services. The judgment was entered by default, and all that the plaintiff could be entitled to recover were the costs and expenses that had been incurred by the bank prior to the time that the mortgage was executed and delivered. There is nothing to show that these costs and expenses exceeded the taxable costs in the action brought upon the note; and upon the payment of that judgment, with interest, the mortgage was satisfied.

It follows that the judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur, except O'BRIEN, J., who dissents.

O'BRIEN, J. (dissenting). Mr. Justice INGRAHAM fully states the facts, but I am unable to agree with his conclusion. While the action was pending in the supreme court to recover on the $2,500 note, the mortgage was made which, in addition to the payment of the $2,500, provided that the mortgagors should also pay "all the costs and expenses incurred" by the bank in that action. Construing the language employed and the intention of the parties, I think that what the mortgagors contracted to do was to save the bank harmless for "all costs and expenses," in connection with the pending action. The incurring of a legitimate expense by the bank for counsel fee was proper, and within the contemplation of the parties under the agreement. The bank having had the right originally to employ counsel in the suit, and to contract to pay a reasonable fee for their services, which it appears it did, has the right to collect the same from the mortgagors. The only question, therefore, it seems to me, that arises in this case is whether the sum charged for counsel fees is reasonable. I think enough appears to show that $150 is an excessive charge, and that $50 would be ample, in addition to the taxable costs. The mortgage being so conditioned that the payment of such a sum could be enforced, the judgment should be accordingly modified, and, as so modified, affirmed, without costs.