[No. 6659. Decided August 2, 1907.]

## SHAMGAR MORRIS et al., Appellants, v. HEALY LUMBER COMPANY et al., Respondents.[1]

LANDLORD AND TENANT—LEASE—ABANDONMENT. A lease of a strip of land intended to be used for a logging road is not abandoned by failure to build the road, where the lease did not require the same, and the lessee performs all conditions of the lease.

SAME—TENANCY AT WILL—INDEFINITE TERM—TERMINATION. If there is, in this state, a tenancy at will, it can only be terminated by giving the notice required for the termination of a tenancy for an indefinite time, a tenancy at will not being otherwise recognized by the statutes.

SAME—LACK OF MUTUALITY. A lease for one year, and "so on from year to year" until terminated by a notice to be given by the lessee, is not a lease for an indefinite term as defined by the statutes, and is not void for lack of mutuality.

EVIDENCE—PAROL—To VARY TERMS OF LEASE. In an action to cancel a lease, parol evidence is inadmissible to show a condition that would defeat its operative effect.

Appeal from a judgment of the superior court for King county, Griffin, J., entered September 28, 1906, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to procure the cancellation of a lease and the recovery of real property held thereunder. Affirmed.

*Walter S. Fulton*, for appellants.

*Brownell & Coleman*, for respondents.

[1]Reported in 91 Pac. 186.

FULLERTON, J. — The appellants brought this action against the respondents to procure a cancellation of a written lease and to recover the possession of certain lands held by the respondents under and by virtue of the lease. The facts necessary to an understanding of the controversy are in substance these: The appellants own certain lands situated in King county, described according to the United States government surveys, as the northeast quarter of the northeast quarter of section 9, and the north half of the northwest quarter, and the northwest quarter of the northeast quarter of section 10, all in township 25, north, of range 7, east of the Willamette meridian. The respondent Healy Lumber Company owns land abutting upon the appellants' land on the north, east, and south. The land of the respondent is valuable chiefly for the timber standing upon it. Owing to the topography of the country in its vicinity, the lands of the respondent cannot be logged profitably without bringing the logs out through certain gulleys or ravines which extend diagonally across the appellants' land. .

In the year 1889 the respondent was engaged in logging the land lying north of the land of the appellants, and was bringing the logs out over a road extending diagonally across the two western forty-acre tracts above described, having theretofore entered into a written agreement with the appellants which granted it that right. In the year named a dispute arose between the parties as to the extent of the rights conferred by the agreement, and an action was begun by the appellants against the respondent to have them judicially determined. This action was settled by the execution of the agreement out of which the action at bar arises. The latter agreement contained seven clauses, only two of which, however, are material to the present controversy. By the first clause the appellants leased to the respondent for three years, "and no longer," the right to construct and operate a logging road through the two western forty-acre tracts, together with the right to use a small lake near the southern boundary of the

land as a storage ground.   By the third clause they leased
to the respondent a strip of land one hundred feet wide, being
fifty feet on each side of a line theretofore surveyed through
the two eastern forty-acre tracts, for a logging road or rail-
road to be thereafter constructed, and a tract of land in the
northwest corner of the northeast quarter of the northwest
quarter of section 10, sufficient in size for a logging camp,
with the privilege of erecting buildings and other improve-
ments thereon necessary and convenient for the use of the
respondent in conducting the logging business.   The duration
of the lease was prescribed in the following language:

"To have and to hold said strip for a period of one year
from the 24th day of October, 1889, and so on from year to
year until the lease mentioned in this clause shall be terminated
at the end of the first year or any subsequent year by the
party of the second part [respondent] giving to the parties
of the first part [appellants] one calendar month notice in
writing, the party of the second part yielding and paying the
yearly rent of fifteen dollars ($15.00) on the 24th day of
October of each and every year of said tenancy for said strip
and the camping place hereinafter mentioned.   Failure to pay
said rent when the same falls due may be treated as a for-
feiture of this lease by the parties of the first part."

The roadway described in this clause of the lease was in-
tended to connect with the roadway described in the first
clause, at or near the place where the camp was located, and
its situation is such that it cannot be used as an independent
way, but must be used in connection with the road first de-
scribed.   The respondent, however, did not find it necessary
to make use of the way during the life of the lease mentioned
in the first clause, and no logging road or railroad was ever
constructed over the way.   It took possession of the camping
place and erected a number of buildings thereon shortly after
the lease was executed, using it in connection with its logging
business conducted while the lease mentioned in the first clause
of the agreement was in existence.   After the lease expired, it
attempted to get it renewed by agreement, and failing in

that, it sought to procure a right of way under a statute attempting to confer on logging companies the right of eminent domain.    The statute was held unconstitutional by the trial court and the right to condemn denied, its judgment being affirmed by this court on appeal.   *Healy Lumber Co. v. Morris*, 33 Wash. 490, 74 Pac. 681, 99 Am. St. 96.   After this decision, the respondent was obliged to cease its operations, since it was unable to get its logs to market.   It therefore sold all of its stock and equipment of a perishable nature, keeping only its permanent equipment, blacksmith tools and the like. These it has since kept in the building, on the camp site, where the other named respondents have since resided.

Prior to commencing this action, the appellants made an oral demand upon the respondent for possession of the premises described in the third clause of the lease, and on its failure to surrender possession, brought this action for the purposes first stated.   The trial court held that the facts did not justify a recovery, and entered judgment accordingly.   This appeal is from that judgment.

The appellants' first contention is that there was an abandonment of this lease.   But that there was no abandonment in fact is at once apparent.   The respondent is actually in possession, and has now all of the possession that was surrendered to it when the lease was executed.   Did its failure to build either the logging road or railroad amount to an abandonment in law?   It seems to us that it did not.   There was no express agreement in the lease that it would build either of the roads. The lease merely lets the land to the respondent for that purpose but does not obligate it to build.   Hence it would seem that the mere failure of the lessee to do something it did not obligate itself to do could not be such an abandonment of the lease as to permit the lessor to reenter before the expiration of the term.   Doubtless a failure on the part of the lessee to perform express stipulations contained in the lease may work a forfeiture where these stipulations are for the benefit

44—46 WASH.

of the estate or the profit of the lessor, but forfeitures are never favored, and will not be enforced, even in. actions at law, unless the right is clear and the proofs evident. The lease in question here contains no. express stipulations that have been violated by the lessee, and we must conclude that the lessor cannot declare the lease at an end on this ground.

The second contention is that the lease creates a tenancy at will which could be terminated at any time by the lessor, and was so terminated by the oral notice to quit and the subsequent commencement of this action. But we cannot agree that this is the effect of the lease. In the first place, we think it may be doubted whether there is, under the statutes of this state, any such tenancy as a tenancy at will, at least, any such tenancy as a tenancy at will as that term was understood at common law. The statute recognizes but four species of tenancies, namely: tenancies for a fixed time; tenancies from year to year; tenancies for an indefinite term; and tenancies by sufferance. Bal. Code, §§ 4568-4571 (P. C. §§ 5998-6001). The nearest approach to a tenancy at will in the tenancies here mentioned is the tenancy for an indefinite time, but if the lease in question creates a tenancy for an indefinite time it does not aid the appellants in this action. Such tenancy can only be terminated by a written notice given thirty days or more preceding the end of some rent paying period (Id. § 4569), and no such notice was given in this case. But we do not think the lease was a lease for an indefinite time in the sense used in the code. By its terms it was to expire, if not sooner forfeited for the nonpayment of rent, when the lessee gave one calendar month's notice in writing to that effect at the end of the first year of the lease or any subsequent year. In other words it bound the lessor as long as the lessee paid the rent, and bound the lessee until he gave the calendar month's notice in writing. It is argued that this construction of the lease avoids it because it then lacks mutuality. But mutuality in this sense is not essential to a valid lease. In this state there are no restrictions upon the right of aliena-

tion. A person owning land in fee may convey a fee; and having power to convey a fee, may convey any interest in the land less than a fee. *Tischner v. Rutledge*, 35 Wash. 285, 77 Pac. 388. So in this case, the appellants having power to convey their whole estate by deed, had power to convey in the same manner any lesser estate therein.

Lastly it is contended that the court erred in excluding evidence as to the consideration that actuated the appellants in entering into the lease. But such evidence was immaterial to any issue made by the pleadings. While it is permissible for certain purposes to show by parol what the actual consideration was upon which a deed is founded, it is never permitted where the purpose of the evidence is to annex a condition to the instrument not expressed in it. Here the purpose of the oral evidence was to show that the grant was made upon a condition that would defeat its operative effect, and for this purpose parol evidence is inadmissible. *Wright v. Stewart*, 19 Wash. 179, 52 Pac. 1020.

The judgment appealed from is affirmed.

Hadley, C. J., Mount, Crow, and Root, JJ., concur.