[No. 12134.   Department Two.   January 16, 1915.]

HENRY HARBICAN, *Respondent*, v. WILLIAM N. SKINNER
et al., *Appellants*.[1]

EVIDENCE—PAROL EVIDENCE—CONSIDERATION OF MORTGAGE—COLLAT-
ERAL AGREEMENT.   It is competent to show by parol the true con-
sideration for executing a note and mortgage; hence it is admissible
to show an oral collateral agreement whereby the mortgagee agreed
to pay a street assessment then due and certain insurance premiums,
which, by the terms of the mortgage, the mortgagors had agreed to
pay, and which the mortgagors orally agreed to repay when the first
installment of interest became due.

SAME—PAROL EVIDENCE TO VARY WRITING—INCONSISTENCY—MORT-
GAGES—CONSTRUCTION.   An oral agreement by a mortgagee, at the
time of the execution of a note and mortgage, to pay a street as-
sessment then due and certain insurance premiums, which the mort-
gagors orally agreed to repay when the first installment of interest
became due, is not inconsistent with the terms of the note and
mortgage, requiring the mortgagors to pay all assessments, taxes and
insurance, on pain of having the whole sum declared due and pay-
able; in view of a provision to the effect that, upon failure of the
mortgagors to make any payments when due, the mortgagee may, at
his option, pay any such sums, which shall be secured by the mort-
gage and draw interest; since this clause authorized the mortgagee
to exercise his option of paying these items.

MORTGAGES—CONSTRUCTION—DEFAULTS—MATURITY OF DEBT — OP-
TION TO DECLARE.   An oral agreement by the mortgagee on the execu-
tion of a mortgage to pay street assessments and insurance then
due, the same to be repaid by the mortgagors when the first install-
ment is due, will be held an exercise of his option, provided in the
mortgage, to pay any such sums upon failure of the mortgagors to
do so, and have them secured by the mortgage, with interest; hence
he cannot declare the whole sum due for defaults of the mortgagors,
until after such repayments become due under the oral agreement.

Appeal from a judgment of the superior court for Spo-
kane county, Jackson, J., entered January 22, 1914, upon
findings in favor of the plaintiff, in an action to foreclose a
mortgage.   Reversed.

*Belden & Losey*, for appellants.

*Cordiner & Cordiner*, for respondent.

[1]Reported in 145 Pac. 582.

MOUNT, J.—This is an action to foreclose a mortgage for $5,000 upon certain real estate in Spokane county. Upon a trial of the issues made by the pleadings, the court entered a decree of foreclosure. The defendants have appealed.

It appears that, on April 29, 1913, the note and mortgage in this case were executed by the appellants. The mortgage provides:

"The mortgagors agree, during the continuance of this mortgage, to pay all taxes and assessments levied and assessed upon said premises and upon this mortgage or upon the debt hereby secured at least ten days before delinquency; to keep the premises free from all incumbrances; not to commit or suffer waste thereon; to complete all buildings in course of construction or about to be constructed thereon within six months from date hereof; to keep all buildings thereon in good repair and continuously insured in a company to be named by the mortgagee in a sum not less than $5,000, loss payable to mortgagee, and to deliver all policies of insurance to the mortgagee. Should the mortgagors fail to keep any of the foregoing covenants, then the mortgagee may at his option carry out the same, and all expenditures therefor shall draw interest until repaid at the rate of twelve per cent per annum, be repayable by the mortgagors on demand, and shall be secured by this mortgage. Time is material and of the essence hereof, and if default be made in the payment of any of the sums hereby secured, or in any of the covenants herein contained, then, in such or either of said cases, the balance of unpaid principal with accrued interest, and all other indebtedness hereby secured, shall at the election of the mortgagee become immediately due, without notice, and this mortgage may be foreclosed."

The note which was secured by the mortgage was a coupon note, to which were attached ten coupons for $200 each, all dated April 29, 1913. The first coupon by its terms became due and payable on October 29, 1913. The note provided that,

"In case of the failure to perform any of the covenants contained in the mortgage securing this note, thereupon the

said principal sum and coupons shall immediately become wholly due and payable without further notice."

The complaint alleged that the mortgagors had failed to pay an assessment levied against the premises, and had failed to pay the premiums upon an insurance policy and, for that reason, the respondent declared the principal sum together with interest thereon due. The action was begun on August 18, 1913, less than four months after the making of the note and mortgage.

The principal defense was, in substance, that at the time the notes and mortgage were executed it was agreed between the parties that the respondent would pay a street grade assessment and the taxes then due upon the property, and would pay the necessary premiums upon insurance policies which were to be transferred to the respondent. Those were the items which the respondent claimed should have been paid by the appellants, and because of their nonpayment the respondent claimed the right to declare the whole debt due.

Upon the trial of the case, when the appellants attempted to prove this defense, an objection was made upon the ground that this was an attempt to contradict the terms of the mortgage. The trial judge expressed the opinion that this objection was well taken, but overruled the objection and heard the evidence. At the conclusion of the case, the court disregarded this testimony for the reason that, in his opinion, it tended to vary and contradict the terms of the mortgage, and for that reason refused to consider it or make any finding thereon. The only question in this case is whether this defense can be proved.

The testimony is clearly sufficient to show that the oral agreement was entered into at the time the mortgage was made, as contended for by the appellants. We think the evidence very clearly shows that there was a street assessment due upon the property at the time the mortgage was made, and the evidence very clearly shows that the parties to the mort-

gage discussed this fact. They also discussed the payment of the necessary premiums for the insurance policies. The plaintiff testified that no other agreement was made than that contained in the mortgage. The great weight of the evidence is to the effect that, at the time the mortgage and note were executed, the respondent agreed to pay this street assessment, and also the premiums upon the insurance policies, and that these sums should be repaid by the mortgagors at the time the first coupon note matured. We are satisfied from the whole evidence that this was a part of the consideration for the execution of the note and mortgage.

The rule is well settled in this state that the real consideration for a mortgage or for a deed may be proved by parol testimony. In the case of *Windsor v. St. Paul M. & M. R. Co.*, 37 Wash. 156, 79 Pac. 613, we held that while the terms of a written contract may not be varied by parol, it is competent to show that at the time of making a contract there was a collateral oral agreement to the effect that certain fences and guards were to be built and maintained by the company as a part of the consideration for the sale, and that oral testimony is competent to show a consideration additional to that expressed in the contract. At page 161, quoting from *Kickland v. Menasha Wooden-Ware Co.*, 68 Wis. 34, 31 N. W. 471, 60 Am. Rep. 831, we said:

"It seems to be well settled that it is competent to prove by parol what the real consideration agreed to be paid was, and to show that the same, or some part of it, remains unpaid, though not thereby to impeach the title conveyed by the deed."

And in quoting from *Shephard v. Little*, 14 Johns. 210, we said:

"Although you cannot, by parol, substantially vary or contradict a written contract, yet these principles are inapplicable where the payment or amount of the consideration becomes a material inquiry."

And in *Van Lehn v. Morse*, 16 Wash. 219, 47 Pac. 435, we said, quoting from *Quarles v. Quarles*, 4 Mass. 680:

"The principle is, I think, most clearly established, that when one consideration is expressed in a deed, any other ·consideration *consistent* with it may be averred and proved."

And in *Ordway v. Downey*, 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892, we said, quoting from *Strohauer v. Voltz*, 42 Mich. 444, 4 N. W. 761:

"The consideration recited in the deed is 'for the purpose merely of giving it effect as a conveyance, and that for any other purpose parol evidence may be given to show that the real consideration was greater or less than the sum named.' Per Cooley, J. in *Strohauer v. Voltz, supra*. And that great judge adds that the cases holding this view 'are not . . . out of harmony with the general rule which excludes parol evidence to control writings.' "

See, also, *Menasha Wooden Ware Co. v. Nelson*, 53 Wash. 160, 101 Pac. 720.

We are satisfied that this is the correct rule. It is plain from the evidence in this case that, at the time this note and mortgage were made, the fact was discussed that the street assessment against part of the property was then due if not delinquent; it was agreed that it would be necessary to have certain insurance policies which were then upon the property transferred to the mortgagee; and we think the evidence is sufficient to justify the conclusion that the mortgagee agreed that he would pay these items as a part of the consideration for the note and mortgage, and that the amount of these items should draw interest at the rate of twelve per cent per annum until the first coupon note became due six months thereafter. As stated above, the mortgage provides that,

"Should the mortgagors fail to keep any of the foregoing covenants, then the mortgagee may at his option carry out the same, and all expenditures therefor shall draw interest until repaid at the rate of twelve per cent per annum."

Instead of contradicting the terms of the mortgage, we think it is plain that this was not only a part consideration

for the note and mortgage, but that the clause last quoted authorized the mortgagee at that time to exercise the option of paying these items. If he agreed to do so as a part of the consideration, he could not, before the date the first coupon became due, claim that the mortgagors had violated any of the terms of the mortgage or of the note by not paying these items.

We are satisfied, therefore, that, at the time the mortgage foreclosure suit was instituted, the debt was not due and the mortgagee was not authorized to declare the whole debt due, or any part of it. This being true, the court should have dismissed the action.

The judgment of the trial court is therefore reversed and the cause dismissed.

CROW, MAIN, ELLIS, and FULLERTON, JJ., concur.