[No. 12721. Department One. January 11, 1916.]

UNION MACHINERY & SUPPLY COMPANY, *Respondent*, v. JAMES K. DARNELL, *Appellant*.[1]

FRAUDS, STATUTE OF— PROMISE TO PAY DEBT OF ANOTHER—ORIGINAL UNDERTAKING—CONSIDERATION—ACTIONS. An oral promise to pay $1,000 of the indebtedness of the promisee to another, in consideration of a mortgage securing an indebtedness of $4,000 due to the promisor, is an original undertaking upon a valuable consideration, and not a promise to pay the debt of another within the statute of frauds; and an action may be brought thereon directly by the person for whose benefit it was made.

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—RIGHTS OF STRANGERS. The rule excluding parol evidence, to vary the terms of a written contract applies to strangers to the agreement in so far as they seek or assert rights based upon the contract, or originating in the contractual relation created by it.

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING—ADDITIONAL CONSIDERATION. Where a mortgage, complete and unambiguous in its terms, was given by a failing debtor to secure four certain notes, specifically described in the mortgage, the recital of the amount and character of the debt is invulnerable to parol attack in the absence of fraud or mistake, and it is incompetent to show by parol that, as an additional consideration for giving the mortgage, the mortgagee by a contemporaneous parol agreement undertook to pay the sum of $1,000 upon the indebtedness of the mortgagor to a third person; since it varies the written contract by adding new terms and creating new burdens.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered November 10, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Brightman, Halverstadt & Tennant*, and *Halverstadt & Clarke*, for appellant.

*Walter S. Fulton*, for respondent.

ELLIS, J.—Action upon an alleged promise of the defendant to pay to the plaintiff $1,000 on an indebtedness owing

[1]Reported in 154 Pac. 183.

from John and George England, loggers, doing business as England Brothers, to the plaintiff. The material facts are as follows: In the year 1912, the England brothers were engaged in logging certain lands in Pierce county. To finance these operations, they borrowed from the defendant, Darnell, $4,000, evidenced by three promissory notes, one for $1,500, dated June 14, 1912, due one year after date, with interest at seven per cent, payable semiannually; one for $1,000, dated July 1, 1912, due on or before one year after date, with interest at seven per cent per annum, payable at maturity; and the third for $1,500, dated October 2, 1912, due six months after date, with interest at eight per cent per annum, payable at maturity. The first two notes were executed by both of the Englands and their respective wives, the third by George England and wife. At the time of the giving of the first of these notes, the England brothers gave a bill of sale of the timber to the defendant, by the terms of which they were permitted to cut and remove the timber. Operations continued under this agreement and a supplemental agreement of May 26, 1913, not now material, until the middle of June, 1913, but nothing was realized over and above the expense of operation to apply on the indebtedness.

In the meantime the Englands had become indebted to the plaintiff, Union Machinery & Supply Company, for logging equipment in a sum approximating $3,000. The plaintiff was urging payment. Shortly prior to June 16, 1913, the defendant's notes being wholly unpaid, except six months' interest on the first, the first and last notes being due, and much of the timber having been removed, the defendant went to John England's home and had a conference with England and his wife, which resulted in their giving to the defendant a mortgage on their home to secure the three notes. This mortgage was executed on June 16, 1913, and omitting caption and acknowledgment, reads as follows:

"The mortgagors, John England and Mary E. England, his wife, mortgage to Jas. K. Darnell to secure the payment

of four thousand dollars lawful money of the United States, together with interest thereon at the rate of seven and eight per cent per annum until paid, according to the terms and conditions of three certain promissory notes, dated June 14, 1912, July 1, 1912, and October 2, 1912, respectively for $1,500, $1,000 and $1,500, respectively, payable on or before one year after date, on or before one year after date, and on or before six months after date, respectively, with interest at 7%, 7% and 8%, respectively, to the order of Jas. K. Darnell the following described real estate; lot thirteen, block eleven in Seaview Park, situated in the county of King, state of Washington.

"This mortgage shall not be foreclosed before two years from this date.

"Dated this 16th day of June 1913.

"John England      (Seal)

"Mary E. England  (Seal)"

On the same day, and admittedly for the purpose of enabling England Brothers to continue their logging operations, the England brothers and the defendant entered into an agreement in writing with the plaintiff, signed by all of them, which, after reciting the indebtedness of England Brothers to the plaintiff and that the plaintiff had declined to extend further credit without security, provided as follows:

"That the boom of logs now in the water adjacent to said camp may be sold by them and the proceeds employed in the liquidation of current labor bills.

"That the next three booms of logs shall be handled by the Union Machinery & Supply Company, sold by them, and out of the proceeds they shall retain $1,000 in cash on each of said three booms, and that after paying the expenses of transportation and sale the balance shall be paid by the Union Machinery & Supply Company to the order of said England Bros. and J. K. Darnell.

"Said $3,000 shall apply on the indebtedness of England Bros. to the Union Machinery & Supply Company."

On the same day, the England brothers and Darnell gave to the plaintiff a chattel mortgage on the timber in question. Apparently Darnell signed this agreement and chattel mort-

gage to give them precedence over his prior chattel mortgage on the timber. Thereafter the Englands sold one boom of logs, the plaintiff a second boom, and the third was disposed of by the Seattle Merchants and Credit Men's Association by common consent of the creditors of England Brothers, including the plaintiff. On July 17, 1914, plaintiff brought this action, alleging that, on June 16, 1913, when John England and wife gave the above mentioned mortgage to the defendant as additional security for the three notes, the defendant, for the purpose of securing such additional security and keeping the logging camp running, promised England and wife to pay to the plaintiff the sum of $1,000 to apply on their indebtedness to the plaintiff. This alleged promise is the basis of the action. At the trial the plaintiff was permitted, over objection, to introduce the testimony of John England and wife and their daughter to the effect that, as a consideration for the execution of the mortgage, the defendant promised to pay $1,000 of the indebtedness of the England brothers to the plaintiff. The defendant denied that any such promise was made, and testified, in substance, that the mortgage embodied the whole agreement between him and the Englands, and that the contract and chattel mortgage above referred to embodied the whole agreement between him and the plaintiff. The trial resulted in a verdict and judgment for the plaintiff. The defendant appeals.

The record and the assigned errors sufficiently present two contentions: (1) That the alleged contemporaneous agreement contravened the statute of frauds, in that it was an undertaking to answer for the debt of another and was not in writing; (2) that the evidence of the oral contemporaneous agreement was inadmissible, in that it tended to change, vary and enlarge the terms of a written contract complete and unambiguous on its face.

I.   The law is well settled in this state that a promise, for a valuable consideration, made by one person to another to pay such other's debt to a third person is an original un-

dertaking of the promisor, and is not such a promise to pay the debt of another as to come under the ban of the statute of frauds, though resting in parol. *Nordby v. Winsor*, 24 Wash. 535, 64 Pac. 726; *Dimmick v. Collins*, 24 Wash. 78, 63 Pac. 1101. It is also well settled that, in such a case, the third person may sue the first directly upon the promise as one made for his benefit. *Nordby v. Winsor, supra; Johnson v. Shuey*, 40 Wash. 22, 82 Pac. 123. The first point raised is without merit.

II.   But it does not follow that every such promise may be proved by parol evidence. If the promise is asserted to have been made as a part of a transaction which is evidenced by a formal written contract complete and unambiguous upon its face, it is elementary that, as between the parties to the writing, parol evidence would be inadmissible to prove any additional promise which would tend to contradict, vary or enlarge the terms, scope or purpose of the written contract. *Ross v. Portland Coffee & Spice Co.*, 30 Wash. 647, 71 Pac. 184; *Allen v. Farmers & Merchants Bank of Wenatchee*, 76 Wash. 51, 135 Pac. 621. The same rule excluding parol testimony which applies as between the parties to a written contract applies with like force to a third person whenever he claims as a beneficiary under a contract, bases his claim upon it, or seeks to assert rights which originate in the contractual relation created by it. All rights primarily arising from the negotiations on which the written instrument rests, by whomsoever asserted, are merged in the writing. The fountain cannot rise higher than its source. In such a case, the third person, who claims that the promise was made for his benefit, is affected by the same principles of estoppel to vary the contract as evidenced by the writing as affect the party who claims to have paid the consideration for the promise. Jones, after indicating that the general rule excluding parol testimony to vary a written contract does not apply as against strangers to the instrument, says:

"It is to be observed, however, that the *right of a stranger to vary* a written contract by parol is *limited to rights which are independent of the instrument.* So that where one, although not a party to the instrument, bases his claim upon it, and seeks to render it effective in his favor as against the other party to the action, by enforcing a right originating in the relation established by it, or which is founded upon it, the parol evidence rule applies." 3 Jones, Commentaries on Evidence, p. 220, § 449.

The following authorities amply sustain and exemplify the exception as stated: *Sayre v. Burdick,* 47 Minn. 367, 50 N. W. 245; *Minneapolis, St. P. & S. S. M. R. Co. v. Home Ins. Co.,* 55 Minn. 236, 56 N. W. 815, 22 L. R. A. 390; *Current v. Muir,* 99 Minn. 1, 108 N. W. 870; *Schneider v. Kirkpatrick,* 80 Mo. App. 145; *Selchow v. Stymus,* 26 Hun (N. Y.) 145; *Hankinson v. Riker,* 10 Misc. Rep. 185, 30 N. Y. Supp. 1040; *Schultz v. Plankinton Bank,* 141 Ill. 116, 30 N. E. 346, 33 Am. St. 290; *Wodock v. Robinson,* 148 Pa. St. 503, 24 Atl. 73. For an antithetical case stating this exception and illustrating its limits, see our own decision in the case of *Ransom v. Wickstrom & Co.,* 84 Wash. 419, 146 Pac. 1041.

As to the foregoing propositions, there can hardly be a divergence of opinion. But the respondent contends that the real consideration for a written contract can always be shown; that evidence of the parol contemporaneous promise of the mortgagee in this case to pay $1,000 of the mortgagor's debt to it as an additional consideration for the mortgage, was therefore admissible, or as respondent, in substance, puts it: The execution of security for appellant's notes was the consideration for the promise; which comes to the same thing. Though an additional consideration not inconsistent with that expressed in the written contract may usually be proved by parol evidence, it is not competent, as between the parties to a writing, under the guise of proving an additional consideration, to engraft upon a written agreement, complete and unambiguous on its face, new terms, con-

ditions and covenants by parol. *Smith Sand & Gravel Co. v. Corbin,* 81 Wash. 494, 142 Pac. 1163; *Morris v. Healy Lumber Co.,* 46 Wash. 686, 91 Pac. 186; *Gordon v. Parke & Lacy Mach. Co.,* 10 Wash. 18, 38 Pac. 755; *Kingsland v. Haines,* 62 App. Div. 146, 70 N. Y. Supp. 873; *Adams v. Watkins,* 103 Mich. 431, 61 N. W. 774; *Jackson v. Chicago, St. P. & K. C. R. Co.,* 54 Mo. App. 636; *Walter v. Dearing* (Tex. Civ. App.), 65 S. W. 380; *Kahn v. Kahn,* 94 Tex. 119, 58 S. W. 825; 17 Cyc. 659.

As sustaining the admissibility of evidence of a contemporaneous parol agreement as an added consideration of a written contract, respondent cites four of our own decisions: *Don Yook v. Washington Mill Co.,* 16 Wash. 459, 47 Pac. 964; *Johnston v. McCart,* 24 Wash. 19, 63 Pac. 1121; *Ordway v. Downey,* 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892; *Windsor v. St. Paul, Minn. & M. R. Co.,* 37 Wash. 156, 79 Pac. 613. An examination of these cases discloses the fact that the first two involve bills of sale of personalty, and the last two, deeds conveying real estate. The tendency of modern authority is towards the doctrine that the effect of the acknowledgment of payment of a given consideration in a deed is only to estop the grantor from asserting a total lack of consideration and thus defeating the deed, and that the usual consideration clause is of no greater force than a separate receipt for the money, hence it is open to explanation by parol evidence. 3 Jones, Commentaries on Evidence, § 469. This is because *the prime purpose of a deed is to convey title,* and any explanation or variation of the consideration expressed, short of proving that the deed was without consideration, does not tend to defeat that purpose. *Ordway v. Downey,* and *Windsor v. St. Paul, Minn. & M. R. Co., supra.* The same rule and reason applies in case of a bill of sale of personalty. *Don Yook v. Washington Mill Co., supra; Van Lehn v. Morse,* 16 Wash. 219, 47 Pac. 435; *Gilmore v. Skookum Box Factory,* 20 Wash. 703, 56 Pac. 934.

It is matter of common knowledge that in conveyancing, the acknowledged consideration in the deed is often, and it may be said, usually not the real consideration paid or agreed to be paid. *McCrea v. Purmort*, 16 Wend. (N. Y.) 460, 30 Am. Dec. 103. But where, as in this state, a mortgage is not a conveyance with a defeasance as it was at common law, but is the mere written evidence of a contract of security, *its prime purpose being to secure a debt*, it seems to us that when the parties have specifically described the debt by stating the amount, as evidenced by specific notes, rate of interest, time of payment, and all the terms essential to a complete and unambiguous agreement, the recital of the amount and character of the debt should be held as invulnerable to parol attack as any other of the terms of the instrument, so long as the integrity of the instrument is not assailed for fraud nor a reformation sought for mistake. Such recitals as those found here are not mere "inattentive recitals common in conveyancing." They evidence, by their very particularity of description of the notes secured, a contractual intention as binding as any other contract.

"It is a universal rule that the written contract itself must be resorted to as the source of authority for receiving parol evidence, and where, as here, the contract shows a deliberate agreement complete in itself and formally executed, parol evidence to enlarge its scope or vary its terms is never admissible." *Allen v. Farmers & Merchants Bank*, 76 Wash. 51, 135 Pac. 621.

See, also, *Gordon v. Parke & Lacy Machinery Co., supra; Farley v. Letterman*, 87 Wash. 641, 152 Pac. 515. To this rule neither a deed nor a mortgage is any exception. 6 Am. & Eng. Ency. Law (2d ed.), p. 775.

Even in case of a deed, when the statement of the consideration passes beyond the mere recitative acknowledgment of payment of money, common in conveyancing, and enters into specific details and conditions stipulating special terms evidencing not merely an intent to convey land, but to *contract*

*with reference to the consideration,* such recitals bind the parties, and if complete on their face, can no more be altered, varied, enlarged or controlled by parol evidence of a contemporaneous oral agreement than other contracts. *Jackson v. Chicago, St. P. & K. C. R. Co., supra.* In the case last cited, Judge Ellison, speaking for the court, says:

"All written contracts, complete and definite, speak for themselves and they cannot be altered, added to or subtracted from by oral testimony. This is an absolute rule of evidence adopted from motives of policy and founded upon the experience of mankind in dealing with the 'slippery memory' of men. So that it must follow that if parties express their contracts, as to the consideration, in terms which show that it is a contract, then, if complete upon its face, it can no more be altered or varied than any other contract. Whenever the statement of the consideration leaves the field of mere recital and enters into that of contract, as shown by the intention of the parties to be gathered from the instrument, it is no longer open to contradiction. This may be illustrated: Suppose the consideration in a deed should be: 'In consideration of the sum of one thousand dollars to be paid to me in beef cattle weighing not less than one thousand two hundred pounds each, at five cents per pound.' Would it be contended that a consideration thus expressed contractually could be orally shown to be other than as expressed? . . .

"But money may also be contracted for as the consideration in a written contract. And when the intention to so contract is disclosed by the written instrument, no other or additional consideration can be shown. Thus, suppose that the consideration was stated in the written contract to be 'one thousand dollars to be paid as follows: Two hundred dollars in six months from date without interest; four hundred dollars in twelve months from date with three per cent interest; and four hundred dollars in eighteen months from date with ten per cent interest from maturity; all to be secured by a mortgage on certain described property. Could it be shown in contradiction to this that the consideration agreed upon was fifty head of cattle or an additional sum of money? Clearly not. The reason is that it has been contracted otherwise by the parties and that contract has been reduced to writing."

Where a deed recited the consideration as the payment of a certain sum of money and the assumption by the grantee of certain specifically described debts of the grantor, it was held that the statement of the consideration was contractual and that parol evidence was not admissible to show the as-sumption of other debts as an additional consideration. *Wal-ter v. Dearing*, and *Kahn v. Kahn, supra; Baum v. Lynn*, 72 Miss. 932, 18 South. 428, 30 L. R. A. 441; *Hubbard v. Marshall*, 50 Wis. 322, 6 N. W. 497. The better considered authorities hold, and it seems to us *a fortiori*, that the same rule applies to mortgages. While we have found no case an exact parallel to the one before us on the facts, there are many which announce the governing principle. In *Dyar v. Walton, Whann & Co.*, 79 Ga. 466, 7 S. E. 220, it was claimed by the mortgagor that a settlement closed up by absolute notes and mortgages was, by a contemporaneous oral agreement of the parties, to be revised by crediting all errors. Evidence to that effect was held inadmissible. The court said:

"The defense, when analyzed, resolves itself into an effort to vary a written contract by parol, and to shun the conse-quences of gross negligence. If at the time the notes and mortgages were given there was an agreement entered into, that they should be varied by the result of subsequent exami-nation, that agreement ought to have been embodied in the written contract, or in some other writing whereby to estab-lish it. The omission to do either is decisive of this branch of the defense. There is no allegation in the plea, and no indication in the evidence, that this agreement was intended to be embraced in any writing, or that it was left out by fraud or mistake."

In *Kenney v. Aitken*, 9 Daly (N. Y.) 500, the deed of trust involved was given to secure the payment of four spe-cifically described notes. The maker of the trust deed brought an action upon an alleged contemporaneous parol agreement with the *cestui que* trust that the latter should repay to him the $400 represented by the last note, as the value of cer-

tain property covered by the trust deed which was exempt
from execution.  Van Brunt, J., said:

"In the case of *Cocks v. Barker*, 49 N. Y. 107, it was
held that the recital in the bond of a fact, although the ex-
istence of that fact formed the consideration of the execution
of the bond, was a substantive part of the agreement, and
not like the consideration clause of a conveyance or other
instrument which might within certain limits be explained
and varied by parol.

"The plaintiff in this action seeks to add to the deed of
trust another and different agreement from that which is
contained in the recitals."

That case, on principle, cannot be distinguished from the
one before us.  See, also, *Union Nat. Bank v. International
Bank*, 22 Ill. App. 652; *Falke v. Fassett*, 4 Colo. App. 171,
34 Pac. 1005; *Moffitt v. Maness*, 102 N. C. 457, 9 S. E.
399; *Bowery Bank of New York v. Hart*, 77 App. Div. 121,
79 N. Y. Supp. 46; *Knight v. Warren*, 56 Hun 641, 9 N. Y.
Supp. 380; *Cocks v. Barker*, 49 N. Y. 107.

While it is competent to prove by parol evidence that a
deed absolute on its face was intended as a mortgage, or,
by an allegation of fraud or mistake, to open the door to the
fullest investigation as to the real intention of the parties
to a written contract and thus defeat or reform it, the facts
must be pleaded and the proof must be clear and convincing.
These are well recognized exceptions to the general rule ex-
cluding parol testimony.  The first of these is *sui generis;*
the second is not peculiar to mortgages but applies to every
kind of written contract.  Neither is authority for the claim
that an instrument purporting to be a mortgage, complete
upon its face and unambiguous as to the amount and char-
acter of the debt secured, is any more subject to variation,
extension or contradiction by parol evidence than are other
less formal contracts.  To hold otherwise would render what
commonly has been considered the surest security for a debt
the most precarious.

When a mortgage is given to secure a sum of money the receipt of which is acknowledged generally as in the usual consideration clause of a deed, parol evidence is admissible to show that it was given to secure future advances, and the actual amount of such advances; or to otherwise explain the nature of the debt intended to be secured. *Babcock v. Lisk*, 57 Ill. 327. So, also, where a mortgage is given to secure a specific note described therein, parol evidence is admissible to prove the true consideration of the note and what debts the note is intended to evidence. *Wilkerson v. Tillman*, 66 Ala. 532.

But the case here is neither of these. We have been cited to no authority, and know of none, holding that, where a mortgage is given to secure a certain indebtedness specifically described therein, the character and components of which are known and admitted, it is competent, without any allegation of fraud or mistake, to prove that, by a contemporaneous parol agreement, it was intended to secure a debt of a wholly different origin and character, or an additional sum to be advanced by the mortgagee as an additional consideration for the mortgage. Much less is it competent to prove that, by such an oral agreement, an additional sum was to be paid as an additional consideration without any intention that it should be secured by the mortgage. Such proof in either case would not be proving the consideration merely, but varying and enlarging the contract by adding new terms and conditions and creating new burdens. We said in *Morris v. Healy Lumber Co.*, 46 Wash. 686, 91 Pac. 186:

"Lastly it is contended that the court erred in excluding evidence as to the consideration that actuated the appellants in entering into the lease. But such evidence was immaterial to any issue made by the pleadings. While it is permissible for certain purposes to show by parol what the actual consideration was upon which a deed is founded, it is never permitted where the purpose of the evidence is to annex a condition to the instrument not expressed in it."

There is no reason, either in law or logic, why the same rule should not apply to a mortgage complete in every particular on its face. It will not do to say that the alleged agreement was a separate and independent contract. Clearly, the promise here sought to be enforced, if independent of the mortgage, was without consideration, since the respondent on the same day agreed in writing, not only with the Englands, but also with the appellant, *on another consideration,* to extend credit and permit the logging operations to continue. The alleged promise to pay the $1,000 could not have entered into that agreement in any view of the case, since the respondent does not claim to have known of it until long afterwards.

We have gone into the matter thus fully for the reason that we are now satisfied that in the case of *Harbican v. Skinner,* 83 Wash. 596, 145 Pac. 582, we permitted ourselves to indulge a breadth of expression beyond the true rule and beyond the necessities of that case. That case was decided correctly, but should have been based alone upon the. last ground stated in the opinion. The mortgage gave the mortgagee the option of paying the taxes, assessments and insurance premiums, and carrying the same under the mortgage at his election. Parol proof that, at the time the mortgage was given, certain assessments and premiums were due, and that he then elected to exercise the option to pay and carry these items, did not tend to change, add to or vary either the mortgage or the consideration upon which it was based. In the case before us, we are clear that the oral evidence of the alleged contemporaneous promise sued upon was improperly admitted.

The judgment is reversed, and the cause is remanded with direction to dismiss.

MORRIS, C. J., CHADWICK, MOUNT, and FULLERTON, JJ., concur.